## ANNA LEUPOLD *et al.*

### *v.*

## FREDERICK KRAUSE.

*Filed at Ottawa June 16, 1880.*

1. HOMESTEAD—*whether affected by fraudulent conveyance.* Neither fraud, nor even the commission of a criminal offence, can work a release or forfeiture of the right of homestead. Such release or forfeiture can only be accomplished in the manner provided by the statute.

2. Pending a suit for the recovery of damages, the defendant and his wife, for the purpose of hindering and delaying the plaintiff in the collection of any judgment he might recover, conveyed certain premises occupied by them as a homestead to another, releasing the right of homestead. Thereupon that grantee, in furtherance of the fraudulent purpose of the first deed, conveyed

the premises to the defendant's wife. The plaintiff recovered a judgment for a considerable sum, and sued out execution thereon, which was levied upon the premises so fraudulently conveyed; he became the purchaser at the sale, and in due time obtained a sheriff's deed. Subsequently he filed his bill in chancery to set aside these fraudulent conveyances, insisting whatever homestead right had existed was extinguished by the fraudulent conduct of the parties. But it was *held,* the wife of the defendant in the suit at law, to whom the second conveyance was made, acquired by such conveyance a homestead right for herself and family, in the premises, to the value of $1000, which she could hold, notwithstanding the fraudulent character of the conveyances, free from the claims of complainant and all other creditors.

3. SAME—*failure to set off homestead on sale under execution—effect upon rights of parties, at law and in equity.* Where premises occupied as a homestead are sold under execution, without a compliance with the requirements of the statute in regard to setting off the homestead, the irregularity will operate to defeat a recovery in ejectment in favor of the party claiming under such sale. But this statutory requirement is simply directory—not prohibitory. A non-compliance with it will not render the sale void. So, if the sale be brought in question in a suit in chancery the court, in the exercise of its equitable powers, may adjust the rights of the parties as the circumstances may seem to require.

4. So, where a judgment creditor became the purchaser at a sale of premises occupied as a homestead, under an execution issued upon his judgment, the officer not having complied with the statutory requirement in the setting off of the homestead, and he subsequently filed his bill in chancery to set aside certain fraudulent conveyances made by the debtor and others, upon the question as to the right of homestead and the validity of the execution sale, it was held that the sale would not be treated as void by reason of the irregularity, but the relief sought would only be granted upon equitable terms in respect of the homestead, and if, in consequence of the irregularity, the premises were sold at a sacrifice, the sale should be set aside upon payment of complainant's judgment, if the parties interested should be willing to pay the same.

5. SAME—*manner of asserting right of homestead.* Where a bill in chancery, in seeking relief against one who is occupying the premises involved, as a homestead, discloses the fact that the homestead right is involved in the litigation, it is not necessary the answer should allege the same facts.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was a bill in equity, filed in the court below by Frederick Krause, to set aside and cancel certain conveyances of

real estate. It alleged that the complainant, in 1866, had a claim for damages against Christian Leupold, for which an action was commenced August 13, 1866, resulting in a judgment in complainant's favor December 30th, 1871, for the sum of $2000 and costs, rendered by the circuit court of Kankakee county; that upon this judgment execution was issued to the sheriff of Will county, which, on January 4, 1872, was levied upon the west half of the north-west quarter, and the west half of the south-west quarter of section 7, township 34, range 10, and the east half of the east half of the north-east quarter of section 12, township 34, range 9, in Will county, and a sale thereof was duly made, at which complainant became the purchaser of all the land, received a certificate of purchase therefor, and on October 3, 1873, the premises not having been redeemed, the sheriff executed a deed to him.

The bill further alleged, that at the time complainant's cause of action against Christian Leupold arose, said Leupold was the owner of the above described land, but that on November 19, 1870, said Christian and wife, Anna, conveyed it to Henry, and he, on December 16, 1870, conveyed it to Anna Leupold, and she, on December 26, 1871, conveyed to Gustave Leupold the south forty acres of the west half of the south-west quarter of section 7, township 34, range 10,—but that each of said three last mentioned conveyances was made without consideration, and for the express purpose of defrauding the complainant in the enforcement of his demand against Christian.

It also alleged that at the time of the commencement of the action Christian and Anna Leupold occupied and farmed all of said real estate, and ever since then have continued to occupy and farm the same.

The prayer of the bill was, that said conveyances might be declared fraudulent and void and set aside, and the complainant declared the legal owner of the premises, and let into possession. Anna, Christian, Henry and Gustave Leupold were made defendants.

A joint answer was filed by all of the defendants, denying most of the material allegations of the bill. Upon a hearing on pleadings and proofs, the court below granted the relief prayed for, and from that decree this appeal was prosecuted.

The counsel for the appellants, in this court, argued that the proof was not sufficient to establish the fraud charged in the bill, and that even if it were, still the premises in question were occupied as a homestead by the defendants, Christian and Anna, and the sale under execution was void because the sheriff did not comply with the statute requiring the homestead to be set off.

The counsel for the appellee argued that the proof clearly established the fraud, and that by reason of the fraudulent conveyances, no homestead right could be claimed by Christian and Anna. He further insisted the right of homestead was not set up in the defendants' answer.

Messrs. HILL & DIBELL, for the appellants.

Mr. GEORGE S. HOUSE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We concur with the circuit court in its finding, that the conveyances from Christian and Anna Leupold to their son Henry, and from Henry to Anna, were fraudulent, and made for the purpose of preventing Krause from collecting whatever judgment he might obtain against Christian. It would serve no useful purpose to discuss the evidence bearing on this point, and we shall, therefore, simply say, the proof of fraud is satisfactory.

As to the conveyance from Anna to Gustave, however, the only evidence tending to show fraud on the part of the latter, is the testimony of the complainant and his brother-in-law, who say Gustave had no property, to their knowledge, at the time the conveyance was made to him; coupled with the further facts, that Gustave was a son of Christian and Anna,

and the transfer was made only a short time prior to the rendition of the judgment in complainant's favor. There is an entire absence of testimony tending to show Gustave had any knowledge of the pendency of Krause's suit, or of any intention on the part of his father to fraudulently convey his property. The finding of the court below, that the conveyance of the forty acres to Gustave was fraudulent, is, therefore, not sustained by the evidence, and must be reversed.

It remains to be considered whether the defendants, Anna. and Christian Leupold, have a homestead right in the land not conveyed to Gustave, and if so, the effect of such homestead right upon the title derived by the complainant under the sheriff's sale.

On the part of appellee it is insisted that, inasmuch as the conveyances to Henry, and by him to Anna, are shown to have been made for the purpose of defrauding Krause, neither Christian nor Anna is in a position to assert a right of homestead. On the other hand, appellants contend that, as the premises were the homestead of Anna and Christian at the time of the levy and sale, and the sheriff did not comply with the provisions of the statute in regard to setting off the homestead, the sale was null and void, and conferred no title upon the complainant.

No conveyance of property exempt from execution can be considered fraudulent as against a creditor. Injury is an essential element of fraud, and where injury is wanting there can be no fraud. We have repeatedly held that the lot of ground occupied by the debtor as a residence is, to the extent of $1000 in value, exempt from levy and forced sale, and when sold by the debtor, the purchaser takes it to that extent free from all judgment liens. When, therefore, this property was conveyed by Christian and Anna to Henry, and by the latter to Anna, she acquired the title to $1000 in value of the property, free from the claims of complainant and all other creditors. Counsel have argued this case upon the assumption that, if there is a homestead right in the land in contro-

versy, it belongs to Christian Leupold. But the conveyance made by him and his wife to Henry contained a release of the homestead, and Christian was thereby divested of all right, of every nature, in the property. Henry then conveyed to Anna, who has ever since occupied the premises as a homestead, and it is to her that the $1000 in value belongs. *Pro. tanto* the conveyance to her has worked no injury to Krause, and is therefore valid. The mere fact that other portions of the property were fraudulently conveyed to her, does not entitle Krause to more than he would have obtained had no fraud been committed. Courts of equity, in affording relief against fraud, seek simply to restore the parties, as near as may be, to the positions they would have occupied had no fraud been perpetrated. Neither fraud, nor even the commission of a criminal offence, can work a release or forfeiture of the right of homestead. Such release or forfeiture can only be accomplished in the manner provided by the statute. Clearly, then, Anna Leupold has a homestead right in these premises to the extent of $1000 in value for herself and family.

In support of their position, that the sale by the sheriff was null and void, because the homestead was not set off, counsel for appellants cite the case of *Hartwell* v. *McDonald*, 69 Ill. 293, in which this court said: "The provision of the Homestead law is, that ' there shall be exempt from levy and forced sale, under any process or order from any court of law or equity in this State, * * * the lot of ground and the buildings thereon occupied as a residence and owned by the debtor, being a householder and having a family, to the value of $1000.' It is not the mere homestead right of occupancy which is exempted from levy and forced sale, *but it is the lot of ground occupied as a residence.* This court has uniformly held that a judgment is not a lien upon homestead premises; that the owner may sell or mortgage the same, free from the lien of the judgment, and that no liability can attach to the land in the hands of the purchaser, for the previous judg-

ment debt of his grantor. It has been held that the property is neither subject to a lien, a levy nor a forced sale under judicial process, while occupied as a homestead; that it does not vary the result, whether the premises are worth more or less than $1000; that if not worth more than that sum, the sale is prohibited by the statute; *and if worth more, then, none of the requirements of the statute having been observed in making the levy and sale, the sale is unauthorized.* The sales referred to being, of course, such as are made without regard to the provisions of the act, as was the sale in this case, property thus situated is held not to be liable to levy and sale on execution, *and such sales of it are held to be inoperative and void, and that the purchaser acquires no title thereunder."*

That case was an action at law. The case at bar is a proceeding in equity. In that case a sale under execution had been made of premises occupied by the judgment debtor as a residence for himself and family, at which sale the officer did not comply with the provisions of the statute as to setting off the homestead. After the sale the judgment debtor abandoned the premises, and a third person entered into possession of them. The purchaser at the sale, upon obtaining a deed, brought ejectment; and the only question presented to the court and argued was, whether the sale under execution of premises occupied as a homestead would pass the *fee,* leaving to the judgment debtor a mere right of occupancy, so that upon the abandonment of the homestead, the purchaser's title would become complete, and he might maintain ejectment. The court, in accordance with previous decisions, held it would not. Everything contained in the opinion in that case must be limited in its application and meaning by a consideration of the case then under discussion. The relief which may be had in a court of equity was not then before the court.

The question as to what relief may be granted in equity to a purchaser at a sale under execution, where the homestead had not been set off, was directly presented to this court in the case of *Loomis* v. *Gerson,* 62 Ill. 11, which was a bill in

equity, filed by the grantee of a judgment debtor, to set aside a sale under execution of premises occupied by the judgment debtor as a homestead, on the ground that the sheriff had not complied with the provision in question. The court below granted the relief prayed for and set aside the sale. Upon appeal to this court the decree was reversed, the court saying: "The sale, however, should not be *absolutely* set aside. All that the judgment debtor has a right to claim is $1000; and if the defendant prefers to pay that sum to the complainant, who stands in the shoes of the judgment debtor, he should be allowed to do so and retain the title."

The case last cited was referrrd to with approval in *Stevens* v. *Hollingsworth,* 74 Ill. 202, where the court say: "When a bill in chancery is filed to set aside a sale on the ground that the property sold was the homestead of the complainant, the chancellor may, undoubtedly, in the exercise of the equitable powers with which he is invested, cause the property to be divided, and set aside the sale only as to so much as shall be found (if the property be divisible) of the value of $1000, or require the complainant (if the property be not susceptible of division) to accept the $1000 for his homestead, if the purchaser shall elect to retain it, and pay the amount, as was held in *Loomis* v. *Gerson, supra;* but a court of law in the trial of an ejectment can exercise no such powers."

The rule established in the last two cases has never been directly disapproved or criticised since it was first announced, and *Hartwell* v. *McDonald, supra,* is the only case subsequent to *Loomis* v. *Gerson,* in which any expressions can be found seemingly inconsistent with it, and these cases are reconciled in *Stevens* v. *Hollingsworth, supra.* Even were we dissatisfied with those cases, still they have become a rule of property, and we should hesitate to overrule them. But upon reconsideration of the question we think they are sustained by reason. A careful examination of the language of the statute will show that it prohibits the sale of the homestead only to the extent of the $1000 in value, and contains no prohibition

of the sale of the surplus over and above that amount. It is the $1000 in value of which the sale is forbidden, and not the surplus in premises occupied by the debtor. The provisions as to the manner in which an execution sale is to be made are simply directory and not prohibitory. It is not declared that a sale without setting off the homestead shall be null and void. Undoubtedly the debtor may insist upon the statute being complied with, and may in apt time no doubt apply to a court of equity to set aside the sale whenever a non-compliance with the statute has *injuriously* affected him. Manifestly this provision is principally for the benefit of the judgment creditor, for, upon a sale being made with the homestead set off, the purchaser becomes entitled to the possession of the portion sold immediately upon the execution of the sheriff's deed, whereas, if a sale be made without regard to those provisions, the purchaser can obtain no title nor any right to possession until he obtains a decree in equity setting off the debtor's homestead, and he loses all rents and profits accruing prior to the entry of such decree. Although a sale under execution, without regard being had to the provisions of the statute in question, may pass an equitable title to the surplus over and above $1000 in value, and entitle the holder of such title to maintain a bill in equity to have the debtor's homestead set off, and to have commissioners appointed to make the division, and perhaps for other equitable relief, yet this bill seeks no such relief.

There is no prayer in the bill that the homestead be set off,—no offer to pay to the owner of the homestead $1000, in case the property be indivisible.

The complainant has come for the aid of a court of equity. He should have it only on equitable terms. The justice of his proposed relief he should make plain to the court. If he seeks to perfect his title by the aid of the court, he can only have such relief on proper terms.

If by reason of the irregularity of selling without having the homestead set off, the property was sold at a sacrifice,

complainant should permit his sale to be set aside upon payment of his judgment, if the parties interested in the land are willing to pay the same.

The point is made by appellee that defendants do not in their answer set up any claim to a homestead, and they are, therefore, not entitled to any relief in regard to it. This position would be worthy of much consideration were it not for the fact that the allegations of the bill, when fairly construed, amount to an averment that the premises at the time of the levy and sale were occupied by defendants, Anna and Christian Leupold, as a homestead. It is not necessary to allege in an answer facts stated by the bill.

The decree of the court below is reversed, and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

*Decree reversed.*