Boyd v. Barnett.

# DAVID BOYD
## v.
## CORYDON BARNETT ET AL.

*Homestead—Conveyance to Wife—Bill and Aid of Execution against
Grantor—Fraud.*

The statute takes the homestead out of the available assets of the debtor
for the payment of his debts.    The creditor can not, therefore, complain of
its conveyance by the debtor to his wife or another.    Under the statute the
grantee holds, free from all claims of the grantor's creditors.

[Opinion filed October 5, 1887.]

IN ERROR to the Circuit Court of Randolph County; the
Hon. GEORGE W. WALL, Judge, presiding.

Bill in equity by plaintiff in error against the defendants in error in aid of execution in his favor, issued out of the Circuit Court of Randolph County, October 2, 1884, upon transcript of Justice's judgment recovered September 13th of the same year.

Avers its return *nulla bona* and issue of *alias* execution which was still in the hands of the Sheriff at time of filing bill.

Avers that on April 19, 1884, the said Corydon was owner of the property sought to be made subject to the execution, and on that day conveyed it to one Despain, and that Despain, on the 21st day of the same month, conveyed the same to Mary J., the wife of Corydon; that said conveyances, while purporting to be supported by a valuable consideration, were in fact mere shams, and intended to defraud complainant; alleges insolvency of said Corydon and that he and his said wife absconded and went to the State of Kansas.

Asks to have the said deeds set aside and the lands declared subject to sale on said execution. The answers of the principal defendants, Corydon and his wife, after denying the principal allegations of the bill, set up that the real estate in controversy constituted the homestead of the said Corydon and family, and that it was of less value than $1,000 at the time of the conveyances, and claiming that in such case the said Corydon had the right to convey it to whom he pleased, if done in good faith which they averred, regardless of the fact that he was in debt, and upon this point arises the only controversy in this court or the courts below.

Upon hearing, the court below dismissed the bill and Boyd sued out this writ of error.

Mr. R. J. GODDARD, for plaintiffs in error.

Mr. A. G. GORDON, for defendants in error.

No conveyance of property exempt from execution can be considered fraudulent as against a creditor. Injury is an essential element of fraud, and where injury is wanting there can be no fraud. Leupold v. Krause, 95 Ill. 440. This was a case involving a homestead. A similar rule prevails in

Boyd v. Barnett.

.reference to personal property. Vaughan v. Thompson, 17 Ill. 78; Cole v. Green, 21 Ill. 104; Washburn v. Goodheart, 88 Ill. 229. See, also, Dreutzell v. Bell, 11 Wis. 114; Pike v. Miles, 25 Wis. 164.

Neither fraud, nor even the commission of a criminal offense, can work a release or forfeiture of the homestead right. People v. Stitt, 7 Ill. App. 294.

A judgment is not a lien on homestead. Hartwell v. McDonald, 69 Ill. 293; Bliss v. Clark, 39 Ill. 590.

A judgment debtor may sell his homestead and give title to grantee, free of judgment lien. Green v. Marks, 25 Ill. 221; McDonald v. Crandall, 43 Ill. 231; Lytle v. Scott, 2 Ill. App. 646.

PILLSBURY, J. It is contended by plaintiff in error that the evidence shows that the conveyances by which this property in question became transferred to the wife were not made in good faith, but the understanding of the parties was that she should hold the title in trust for him, and, being purely voluntary, he has still such an interest in it that equity will take and apply it to the payment of his debt, as it appears that the parties abandoned it as a homestead by taking up their residence in Kansas, and leaving this land to a tenant now occupying it.

Without going into the testimony in detail, as it would serve no useful purpose, we will content ourselves with saying that we have carefully read it as contained in the record, and given to the statements of each and every witness sworn the best consideration of which we are capable; and while we do not think the defendants established their claim of the payment by the conveyances of such antecedent debts owing from the husband to the wife, as a court of equity would support as against existing creditors, we fail to find any evidence that they were made upon any secret trust that the land should be held, treated or considered as still belonging to said Corydon, the defendant in execution, or that he should thereafter have any interest therein or control over it.

It appears to us to be a case where the husband being in

debt conveys the homestead through an intermediary to his wife to the end that whatever may befall him she and his children shall have and possess a home free from the interference of his creditors.

The question then arises, whether the law prohibits this action and will stamp it as fraudulent as to such existing creditors.

Section 1 of the Homestead Act of 1874, after defining the right, provides that "such homesteads, and all rights and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided." And section six, "When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not have been subject in the hands of such owner."

This statute is so plain that it hardly seems capable of being made clearer by judicial exposition.

No creditor can claim that he gave credit upon the faith of the homestead of his debtor, for he well knows he can never look to it for payment so long as it continues such. No judgment that he may recover can in any manner affect it. It is taken by the statute out of the available assets of the debtor for the payment of his debts, as effectually as if he had never owned or possessed it.

No creditor, therefore, can be said to be injured because the debtor retains it in defiance of him.

The creditor can not legally be said to be injured because the homestead is placed beyond his reach, for he has no right to look to it at all for the satisfaction of his claims against the debtor whatever form they may assume.

In fact, it is placed beyond their reach to all intents and purposes, except by the voluntary action of the husband and his wife, if he have one, in the manner provided by the same act that creates it. The clause of the sixth section, quoted above, invests the grantee of the homestead with all the rights, exemptions and immunities attaching to it in the hands

of the grantor. The grantee holds it as free from all claims of the creditors of the debtor grantor, under this statute, as he himself could have held it if not conveyed.

From these provisions, then, the creditor can not claim to be injured if the homestead be sold and possession be surrendered under the deed. He is placed in no worse position because of this action of the debtor. He had no right to subject the homestead to the payment of his debt in the hands of his debtor, and his inability to follow it is continued after the sale.

His rights are, therefore, not in the least affected, impaired nor denied. Even if we had found that the sale to Despain and from him to the wife of said Corydon, were made with intent to defraud the complainant as alleged in the bill, still the conveyance would be good, as the property did not exceed $1,000 in value, under the case of Leupold v. Krause, 95 Ill. 440, and if this be so, then a mere gift of the property made in good faith ought to be held valid for much weightier reasons. Finding, as we do, that this conveyance was made for a provision to the wife and family, and of property upon which the complainant below did not have and could have no lien or right, he is in no position to question it.

No error was committed by the court below in dismissing the bill and its decree will be affirmed.

*Decree affirmed.*