## JOHN J. HALLIDAY

*v.*

## GEORGE W. HESS.

*Filed at Ottawa October 26, 1893.*

1. DEED—*latent ambiguity explainable by parol evidence.* Where a deed describes the land as being in section 8, without showing in what township that section is located, and it is shown there are several sections in the county of that number, the deed, taken in connection with such showing, will reveal a latent ambiguity, and parol evidence will be admissible to show in what township such section is located.

2. MISTAKE—*in description of land—when reformed.* Where both parties are present at the drawing of a deed, and the scrivener makes a mistake in the description of the land by leaving out the township and range, a court of equity may, on proof of the facts, reform the deed so that it shall conform to the intention of the parties thereto.

3. A deed of conveyance described the land by metes and bounds, and as containing six acres and eleven rods, in section 8, in LaSalle county, but omitted to give the township and range in which that section was located. On bill to reform the deed, the evidence showed that the grantor owned a tract of land in section 8, in township 33, range 2, east of the third principal meridian, in such county, described by the metes and bounds, and containing the quantity of land above mentioned, which he had occupied for about twenty years, and that he and the grantee were both present when the deed was drafted: *Held,* that the evidence was sufficient to authorize a decree reforming the deed so as to convey the land intended to be conveyed.

4. JUDGMENT LIEN—*on homestead.* A debtor's homestead, not exceeding $1000 in value, being exempt from levy and forced sale, a sale and conveyance of the same by the debtor, in which the homestead is properly released, will pass the title to the grantee, free from all judgment liens.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. R. D. McDONALD, for the appellant:

The ambiguity in the deed is patent. There are thirty-two townships in LaSalle county, each having a section 8, and for

anything that appears on the face of the deed the description might be any of the sections numbered 8.

When the description will equally apply to two tracts of land, and this appears on the face of the deed itself, it is a · patent ambiguity, and not susceptible of explanation by parol.

The intention of the parties must be drawn from the language they have used in the deed, and if it is entirely uncertain, it may be rejected as void for uncertainty. *Dougherty* v. *Purdy*, 18 Ill. 208; *Carter* v. *Barnes*, 26 id. 455; *Hughes* v. *Streator*, 24 id. 649; *Shackleford* v. *Bailey*, 35 id. 390; *Bridge Co.* v. *Curtis*, 103 id. 414; *Bowen* v. *Allen*, 113 id. 59; *Hamilton* v. *Harvey*, 121 id. 471.

Oral evidence may be introduced to explain the ambiguity in a deed, but such evidence is not admissible to enlarge the terms of the deed. *Stevens* v. *Wait*, 112 Ill. 548.

If the attempted conveyance from Abram Hess to appellee was for the purpose of hindering, delaying and defrauding appellant, this court has held that equity will not aid him, but leave the parties who participated in such fraud where it finds them. *Miller* v. *Marckle*, 21 Ill. 152; *Tyler* v. *Tyler*, 126 id. 536; *Nellis* v. *Clark*, 26 Wend. 26.

Messrs. O'CONNOR, DUNCAN & ECKELS, for the appellee:

While it is true that parol evidence is ordinarily inadmissible to explain a written instrument, yet the court of equity has from time immemorial assumed jurisdiction to correct mistakes in deeds and other written instruments, and has permitted such mistakes to be shown by parol evidence. The case of *Dougherty* v. *Purdy*, 18 Ill. 208, cited by appellant, is directly in point for appellee.

If the homestead was not worth over $1000 the judgment of appellant was not a lien on it, and Abram Hess had the right to convey it to whomsoever he saw fit. Even a conveyance without consideration would not have been fraudulent as to appellant. *Leupold* v. *Krause*, 95 Ill. 440.

It is therefore immaterial what motives may have prompted the conveyance. Appellant suffered no legal injury from it.

But the evidence does not show any fraud or fraudulent motive or intent. The undisputed testimony of the appellee is that he paid nine hundred and fifty dollars, the full value of the land.

Finally, it is claimed that appellant had not invaded the rights of the appellee, and that consequently appellee had nothing to appeal to this court for.

If the appellant wished to assert no rights as to the land, he should have filed a disclaimer. But not having done so, and having contested appellee's right to enjoy the property, free from the apparent lien of the judgment, he can not complain of the court's decree, which, in any event, does him no harm.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court :

This is a bill filed by appellee for the purpose of correcting a mistake in a deed. The decree below was in accordance with the prayer of the bill. On July 5, 1887, Abram Hess and Mary Elizabeth Hess, his wife, conveyed certain premises to George W. Hess, the appellee, by the following description : "commencing at the S. E. corner of the N. E. qr. of section 8, and running north 52 rods, thence near a S. W. direction 56 rods, thence South $11\frac{1}{2}$ rods, thence east on the half section line 30 rods and 7 feet to the place of beginning, containing 6 acres and 11 rods, situated in the county of LaSalle in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State."

The description does not state in what township or range the land lies; and it is claimed by appellant, that the court below erred in admitting parol testimony for the purpose of explaining the defect. We do not think that any error was committed in this respect. The description, taken in connec-

tion with the proof, reveals a latent ambiguity. There are several sections numbered eight in LaSalle County; and this fact is ascertained outside of the deed, and does not arise upon the face of it. When an ambiguity is made to appear by the introduction of proof outside of the deed, it is a latent ambiguity, and may be explained by parol evidence. It being made to appear, that there is a section 8 in each of several different townships in the county, it may be shown by parol in what township the section 8 mentioned in the deed was located. (*Dougherty* v. *Purdy*, 18 Ill. 208; *Bybee* v. *Hageman*, 66 id. 519; *Clark* v. *Powers*, 45 id. 283; *Billings* v. *Kankakee Coal Co.* 67 id. 489; *Fisher* v. *Quackenbush*, 83 id. 310).

Here, the evidence shows that the grantor, Abram Hess, owned a tract of land in section 8 in township 33, range 2 east of the 3d P. M. in said county, described by the metes and bounds and containing the quantity of land above mentioned; that he occupied it at the time of the conveyance and had occupied it for about 20 years as a homestead, cultivating it as a vegetable garden; that he owned no other real estate in the county; that he and appellee were both present in an attorney's office when the deed was drawn, and that the scrivener made a mistake in the description by leaving out the township and range. Where a mutual mistake in the description is made under such circumstances, the deed may be reformed to conform to the intention of the parties. (*Lindsay* v. *Davenport*, 18 Ill. 375; Martindale's Law of Conveyancing, secs. 88, 89).

The consideration paid by the appellee for the premises was $950.00. The court below found from the evidence that, at the time of the conveyance, the premises were worth less than $1000.00. After a careful examination of the testimony we cannot say that this finding is against the weight of the evidence, and consequently we are not disposed to disturb it, as the chancellor, upon the trial below, saw the witnesses and heard them testify. As the premises were occupied as a

homestead at the time of their conveyance by Abram Hess and his wife to the appellee, and were worth less than $1000.00, and the homestead right was waived in the deed and in the acknowledgment, the appellee, who purchased in good faith so far as the proof in this record shows, took the land conveyed to him free from liens and incumbrances. It appears that appellant obtained a judgment against Abram Hess in 1875, and revived it in 1885, and issued execution thereon which was returned unsatisfied. But we think that, under the circumstances above set forth, the title to the premises passed to appellee free from the lien of said judgment. It has been said that "no conveyance of property exempt from execution can be considered fraudulent as against a creditor." (*Leupold* v. *Krause*, 95 Ill. 440). We have held, that the debtor's homestead, to the extent of $1000.00 in value, is exempt from levy and forced sale, and that, when the debtor sells it, the purchaser takes it to that extent free from all judgment liens. (*Leupold* v. *Krause, supra*).

The decree of the Circuit Court is affirmed.

*Decree affirmed.*