200    403
205    608

THEODORE KRUPP *et al.*

*v.*

ANTON BRAND, Exr.

*Opinion filed December 16, 1902.*

HOMESTEAD—*sale without setting off homestead passes title to excess which is enforceable in equity.* An execution sale of homestead premises without setting off the homestead estate passes to the purchaser legal title to the excess over $1000, which he may enforce in equity by a bill to have the homestead estate set off or its value in money accepted by the defendant. (*Leupold* v. *Krause*, 95 Ill. 440, adhered to; *Hartwell* v. *McDonald*, 69 id. 293, distinguished.)

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

CHARLES H. JACKSON, for appellants:

Property is neither subject to a lien, a levy or a forced sale under judicial process while occupied as homestead, and it does not vary the result whether the premises are worth more or less than $1000. If worth not more than that sum the sale is prohibited by statute, and if worth more, and none of the requirements of the statute have been observed in making the levy and sale, then the sale is unauthorized and void and no title passes. *Hartwell* v. *McDonald*, 69 Ill. 293; *Stevens* v. *Hollingsworth*, 74 id. 212; *Kilmer* v. *Garlick*, 185 id. 406; *Patterson* v. *Krieg*, 29 id. 518; *Conklin* v. *Foster*, 57 id. 104; *Barrett* v. *Wilson*, 102 id. 302; *Nichols* v. *Spremont*, 111 id. 631; *Hubbell* v. *Canady*, 58 id. 425; *Hartman* v. *Schultz*, 101 id. 437.

In levying upon and selling land under and by virtue of an execution the sheriff exercises a power conferred upon him by statute, and it is essential to the validity of a deed based upon such levy and sale that all the requirements of the statute be complied with. Upon the failure of the sheriff to exercise such power in compliance with the statute, a court of equity will not remedy the defective execution of such power. Freeman on Void Judicial Sales, (3d ed.) sec. 55, p. 108.

At the time of the levy and sale the appellants were in actual possession of the property, and their possession was notice to the sheriff and to appellee, who was the plaintiff in the execution and the purchaser at the sale, of their homestead rights in the premises. *Maghee* v. *Robinson*, 98 Ill. 458; *Dyer* v. *Martin*, 4 Scam. 200; *Cowen* v. *Loomis*, 91 Ill. 132; *Conner* v. *Goodman*, 104 id. 365.

A judgment creditor who becomes the purchaser of the property at the sale is charged by law with notice of every step in the proceedings, and of the rights of the defendants. *Stewart* v. *Croes*, 5 Gilm. 442; *Morris* v. *Robey*, 73 Ill. 462; *Smith* v. *Huntoon*, 134 id. 28.

A court of equity will not relieve from an officer's neglect in performing his duties. In such cases the offi-

cer is liable to the party injured in an action at law for damages, and such remedy at law is complete. *Cotton* v. *Reed,* 20 Ill. 607; 3 Freeman on Executions, (3d ed.) sec. 352; 22 Am. & Eng. Ency. of Law, 664.

At any time prior to the issuing of the deed, appellee could have had the levy and sale set aside, on motion, by the court.out of which the process issued. *Watson* v. *Reissig,* 20 Ill. 281; *Wilson* v. *Thomas,* 24 id. 286; *Warner* v. *Helm,* 1 Gilm. 234; *Jenkins* v. *Merriweather,* 109 Ill. 647.

Appellee's failure to avail himself of this remedy at law is not ground for relief in equity. *Blanchard* v. *Williamson,* 70 Ill. 647.

CHARLES S. HARMON, and GEORGE E. DAWSON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellants prosecute this appeal from a decree of the circuit court of Cook county granting the prayer of the bill of appellee.

It was alleged in the bill that the complainant (appellee here) recovered a judgment for $2160.50 against the defendants, upon which an *alias* execution was issued on the 6th day of August, 1898, and levied on an eighty-acre tract of land in Cook county belonging to them, upon which they resided as their homestead; that on September following, all the right, title and interest of the defendants were sold by the sheriff of that county to the complainant, who on January 8, 1900, received a deed therefor; that the land has upon it a large and valuable dwelling house, and that the premises were at the time of said sale of a value far in excess of $1000; that no steps were taken by the sheriff to set off the homestead before the sale, as required by the statute. It is then alleged that by virtue of his sheriff's deed the complainant became the equitable owner of said premises in excess of the value of $1000, and the prayer is, "that the

sheriff be ordered and directed to summon three house-
holders, who shall, upon oath, appraise said premises
and the improvements thereon, and shall, if in their opin-
ion the property may be divided without injury to the
parties, set off so much of said premises, including the
dwelling house thereon, as in their opinion shall be worth
$1000, and that in such case the right of possession of
and all the right, title and interest of said defendants
in and to the residue of said premises be decreed to be in
the complainant, but in case, in the opinion of said com-
missioners, said premises cannot be so divided, then that
said defendants be ordered and directed, on the payment
to them by the complainant of the sum of $1000, to sur-
render and deliver up to the complainant the full and
free possession of said premises, and that the complain-
ant be decreed to be the owner of all the right, title and
interest in and to the whole of said premises, freed from
any estate of homestead therein." A general demurrer
being filed to the bill and overruled, and the defendants
failing to make further answer thereto, a decree was en-
tered *pro confesso*, finding the facts as alleged and grant-
ing the relief therein prayed.

Upon this appeal the defendants below insist that the
bill, upon its face, shows no equity, and therefore the
demurrer should have been sustained, their contention
being that the sale by the sheriff, being of lands in which
they had an estate of homestead of $1000, was void, not
only as to the homestead, but also as to the value in
excess of the $1000, because the sale was made without
setting off the homestead or offering to pay them $1000 in
money, as provided by sections 10 and 11 of chapter 52
of the Revised Statutes, entitled "Exemptions."

The question is, what title, if any, did the purchaser
at said sheriff's sale take to the undivided excess over
the $1000 homestead of the defendants, and if he obtained
any title thereto can it be enforced in this action? The
question is not a new one in this court. Two lines of

decisions will be found in our Reports dealing with it: one in which the question arose in actions at law, and the other in suits in equity. In *Hartwell* v. *McDonald*, 69 Ill. 293, which was an action of ejectment by the purchaser at such a sale against the party owning the homestead, we said (p. 297): "There is evidence that the premises were worth more than $1000, and it is urged that as to the excess over that sum the sale was valid. It has repeatedly been held that in the action of ejectment the value of the homestead premises is wholly immaterial; that the right to the surplus above $1000 cannot be enforced by ejectment until the homestead has been set off, *as the court in that action cannot determine how far the homestead right will extend,*"—citing cases. That case has been followed by *Potts* v. *Davenport,* 79 Ill. 455, *Trustees of Schools* v. *Hovey,* 94 id. 394, *Douthett* v. *Winter,* 108 id. 330, *Nichols* v. *Spremont,* 111 id. 631, and *Palmer* v. *Riddle,* 197 id. 45.

*Leupold* v. *Krause,* 95 Ill. 440, may be regarded as the leading case in the other class of decisions. There Krause had purchased premises occupied by Leupold as his homestead which exceeded in value $1000, sold upon execution without complying with the statute in setting off the homestead estate. He afterwards filed a bill in chancery in the circuit court of Will county to set aside certain conveyances made by Leupold and wife, and to declare him the legal owner of the premises and that he be let into possession. The decree of the circuit court was in conformity with the prayer of the bill. On appeal to this court the question here involved, among others, was raised, and in the decision of the case it was said (p. 445): "In support of their position that the sale by the sheriff was null and void because the homestead was not set off, counsel for appellants cite the case of *Hartwell* v. *McDonald,* 69 Ill. 293. * * * That case was an action at law. The case at bar is a proceeding in equity. * * * The question as to what relief may be granted in equity to a purchaser at a sale under execution where the home-

stead had not been set off was directly presented to this court in the case of *Loomis* v. *Gerson*, 62 Ill. 11, which was a bill in equity filed by the grantee of a judgment debtor to set aside a sale under execution of premises occupied by the judgment debtor as a homestead, on the ground that the sheriff had not complied with the provision in question. The court below granted the relief prayed for and set aside the sale. Upon appeal to this court the decree was reversed, the court saying: 'The sale, however, should not be absolutely set aside. All that the judgment debtor has a right to claim is $1000, and if the defendant prefers to pay that sum to the complainant, who stands in the shoes of the judgment debtor, he should be allowed to do so and retain the title.' The case last cited was referred to with approval in *Stevens* v. *Hollingsworth*, 74 Ill. 202, where the court say: 'When a bill in chancery is filed to set aside a sale on the ground that the property sold was the homestead of the complainant, the chancellor may, undoubtedly, in the exercise of the equitable powers with which he is invested, cause the property to be divided and set aside the sale only as to so much as shall be found (if the property be divisible) of the value of $1000, or require the complainant (if the property be not susceptible of division) to accept the $1000 for his homestead if the purchaser shall elect to retain it and pay the amount, as was held in *Loomis* v. *Gerson, supra. But a court of law in the trial of an ejectment can exercise no such powers.*" Mr. Justice DICKEY rendering the opinion then proceeds to sustain the reasoning of the last two cases upon the ground that the provisions of sections 10 and 11, *supra*, are merely directory, and not prohibitory, and says: ."It is not declared that a sale without setting off the homestead shall be null and void. Undoubtedly the debtor may insist upon the statute being complied with, and may in apt time, no doubt, apply to a court of equity to set aside the sale whenever a noncompliance with the statute has *injuriously* affected him.

Manifestly, this provision is principally for the benefit of the judgment creditor, for upon a sale being made with the homestead set off, the purchaser becomes entitled to the possession of the portion sold, immediately upon the execution of the sheriff's deed, whereas if a sale be made without regard to those provisions the purchaser can obtain no title or any right to possession until he obtains a decree in equity setting off the debtor's homestead, and he loses all rents and profits accruing prior to the entry of said decree. Although a sale under execution without regard being had to the provisions of the statute in question may pass an equitable title to the surplus over and above $1000 in value, and entitle the holder of such title to maintain a bill in equity to have the debtor's homestead set off and to have commissioners appointed to make the division, and perhaps for other equitable relief, yet this bill seeks no such relief." This case was cited as sustaining the equity powers of a court of chancery on such a bill, without criticism, in *Bullen* v. *Dawson*, 139 Ill. 633, *Bach* v. *May*, 163 id. 547, and *Kilmer* v. *Garlick*, 185 id. 406.

It is true, the question has generally arisen in equity upon bills by the party claiming the homestead, and it seems to be thought that the decisions in such cases are not in point here. Clearly, this contention cannot be sustained without overruling the case of *Leupold* v. *Krause*, *supra*, and overturning the reasoning upon which that decision is based. Nor are we able to discover any substantial reason for the distinction. The power of a court of equity to cause the homestead to be set off upon the application of the purchaser is no less than the power to do so upon the application of the claimant of the homestead. In either case it is the equitable power to adjust and protect the rights of both parties if it can be done without wrong to either. It is the same power which we held should have been exercised on a bill to set aside a sheriff's sale of a homestead of the value of less than

$1000,—that is, that the court should, upon setting aside the sale, "have gone further and set aside the satisfaction of the judgment so far as it was satisfied by the sale, and awarded a new execution as the equitable terms of relief, and this without a cross-bill," and for the reason that "the thing received in satisfaction of the judgment should not have been taken away from defendants without vacating the satisfaction." The rights of a purchaser at a judicial sale to have relief in equity where the sale proves to be irregular or void are at least as great as those of the defendant in the execution. See Freeman on Void Judicial Sales, (3d ed.) sec. 55.

The underlying question in all the cases is whether the purchaser of a homestead exceeding in value $1000 gets the title to the excess over and above that amount or whether he gets nothing. If he gets no title whatever he can have no standing in a court, either of law or equity. The legal title to the undivided interest in excess of $1000 does undoubtedly pass to the purchaser. The real ground upon which the decisions in actions at law rest is, that the title is not available in ejectment or forcible detainer because a court of law "cannot determine how far the homestead right will extend." It was not intended in any of those cases to hold that the purchaser had no title whatever, but only that his title was not available in those forms of action,—and this sufficiently appears from the cases themselves. At all events, it must be said now with greater necessity than it was in *Leupold* v. *Krause, supra*, that the rule announced in *Loomis* v. *Gerson, supra*, and *Stevens* v. *Hollingsworth, supra*, as construed in the *Leupold case*, has become a rule of property, and should not be overruled except upon the most urgent necessity. We are unable to discover, upon the facts stated in the bill, wherein injustice or hardship has resulted or will result to defendants from the decree below.

The decree of the circuit court will be affirmed.

*Decree affirmed.*