602

Frank Starczewski et al., Appellants, v. John Toman, Sheriff of Cook County, et al., Appellees.

Gen. No. 40,142.

Opinion filed October 10, 1938.   Rehearing denied October 24, 1938.

CHARLES J. TRAINOR, of Chicago, for appellants.

GEORGE B. and ABRAHAM H. COHEN, of Chicago, and TODD & BROWNING, for appellees; GEORGE B. COHEN, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by plaintiffs from a summary judgment entered on motion of defendants dismissing plaintiff's suit with costs. The facts appear from the pleadings and the affidavit of George B. Cohen, agent and attorney for certain defendants, setting up facts not denied. The complaint of plaintiffs, Frank and Franciszka Starczewski, was filed November 18, 1937. John Toman, sheriff of Cook County, was named defendant. The gist of the complaint was that the sheriff by virtue of an execution issued to him sold the homestead estate of plaintiffs in certain real estate. The demand was for the value of that estate to the amount of $1,000. The sheriff answered denying liability and upon his petition additional parties in interest were made defendants. These likewise answered and filed a counterclaim. Thereafter on February 10, 1938, on their motion the order dismissing plaintiffs' suit was entered. At the same time the additional defendants were given leave to withdraw their counterclaim.

The facts appear to be as follows. Katarzena Matuszewski on September 15, 1931, recovered a judgment against plaintiffs in the circuit court of Cook county for the sum of $2,600.95. The judgment being unsatisfied on February 27, 1936, a pluries execution issued to Toman as sheriff, under which he levied on the premises owned by the judgment debtors. The lands of the plaintiffs on which the execution was levied consisted of three distinct and separate pieces or parcels. The first mentioned in the complaint was known as 11945 Indiana avenue, the second as 12238 Normal avenue and the third was a storage lot at the corner of 120th street and Calumet avenue, all in Chicago, Cook county, Illinois. The premises known as 11945 Indiana avenue were improved, and the plaintiffs, husband and wife, for more than five years had

resided thereon, and by virtue of the statute had an estate of homestead. It is the claim of plaintiffs that because of the sale by the sheriff of this homestead he is obligated to pay to them the value thereof as fixed by the statute, namely, $1,000. On the other hand, defendants contend that the sheriff did not sell the homestead at all, that plaintiffs still own and occupy it, and that the sheriff has no money belonging to plaintiffs and plaintiffs no cause of action. It appears from the return of the sheriff on the execution which is attached to the affidavit for judgment, that on March 4, 1936, the sheriff levied on all the right, title and interest of defendants in these tracts and parcels of land; that parcel number one being a homestead he summoned three householders as commissioners to appraise the premises in accordance with the statute; that the commissioners appraised the premises and reported that in their opinion they were worth more than $1,000, and could not be divided without injury to the interests of the parties; that thereupon, on May 20, 1936, the sheriff served a copy of the report of the appraisers upon plaintiffs, together with a notice as required by the statute; that after the expiration of 60 days, namely, on May 20, 1936, the amount due on the execution not having been paid to him, the sheriff on August 18th, pursuant to advertisement, sold the property levied on for $1,600 to Ignatz Recki, as executor of the estate of Katarzena Matuszewski, he being the highest and best bidder therefor, subject, however, to defendants' right of homestead in parcel number 1; that he first offered the premises in separate tracts or lots, and receiving no bid offered any two or more of the tracts or lots less than the whole, and no bid having been made for said any two or more, the sheriff then offered the premises together, whereupon Recki, as executor, making the highest bid the premises were sold to him. The return shows that after deducting costs and expenses, the sheriff paid to at-

torney for the judgment creditors the balance of $1,531.75 and returned the execution satisfied to that amount and unsatisfied to the balance; that he thereupon issued a certificate of sale to the purchaser and recorded a duplicate of said certificate in the recorder's office of Cook county. The certificate stated the purchaser would be entitled to a deed to the premises sold on November 19, 1937, unless the same should be redeemed as provided by law.

November 18, 1937, Joseph Blaszynski and Helen Blaszynski, his wife, recovered a judgment by confession against the Starczewskis. Helen Blaszynski is the daughter of plaintiffs. Under this judgment the Blaszynskis redeemed from the sale made to Ignatz Recki, as executor. A sheriff's certificate of redemption was issued to them on the same day, and on that day they paid to the sheriff $1,720, the amount for which the premises were sold with interest. In the meantime, by order of the probate court, Ignatz Recki, as executor, had assigned the certificate of sale to the additional defendants, Mieczyslaw Matuszewski, Bruno Matuszewski and Gertrude Matuszewski Rogowski (they being the heirs at law of Katarzena Matuszewski), and they became the absolute owners of said certificate for a valuable consideration in order to close the estate of Katarzena Matuszewski.

Plaintiffs contend that on the undisputed facts the sheriff is liable to them for $1,000; they say his return on the execution and his statement in the certificate of sale are to the effect that he sold all the right, title and interest of the judgment debtor in the premises; they say the fact that these state that the sale was made subject to right of homestead of plaintiffs has no legal significance, and if they mean anything mean only that the premises sold included an estate of homestead which entitled plaintiffs to receive $1,000 out of the proceeds of the same.

The statute creating the estate of homestead is found in Ill. Rev. Stat. 1937, ch. 52, secs. 1–12, pp. 1636–37 [Jones Ill. Stats. Ann. 107.124–107.135]. The statute provides in cases where an execution issues against the debtor for the appointment of commissioners to set aside the homestead, and if in their opinion that cannot be done to appraise the value of the premises. If the appraisement shows the premises to have a value of more than $1,000 the statute directs the sheriff shall notify the debtor that unless he pays the surplus within 60 days the premises will be sold. If the surplus is not paid within that time section 12 provides the officer may advertise and sell the premises and out of the proceeds pay to the execution debtor the sum of $1,000.

The plaintiffs say the sheriff has no right or power to proceed otherwise than as directed by the statute, and cite *Hartwell v. McDonald,* 69 Ill. 293; *Hartman v. Schultz,* 101 Ill. 437, and *Johnson v. Muntz,* 364 Ill. 482, to this effect, and also cite *Helm v. Kaddatz,* 107 Ill. App. 413, and *Roberson v. Tippie,* 209 Ill. 38, which point out that the present (unlike former exemption statutes which created only a right of occupancy) now vest an estate of homestead in the debtor owner.

These contentions would be plausible if, as a matter of fact, the provisions of the statute as to the manner of proceeding in case of execution were mandatory. The courts, however, have held these provisions are not mandatory but only declaratory. *Leupold v. Krause,* 95 Ill. 440. There Krause obtained a judgment against Leupold and caused it to be levied upon certain land. The land was sold by the sheriff to Krause, who received a certificate and upon the expiration of the period of redemption a deed. The owners had made certain conveyances of the premises which Krause claimed to be fraudulent. He filed a bill to set the same aside on that ground, making the judgment

debtor and the grantees parties thereto. The defense set up was that the conveyances were not fraudulent, and further, that the sale was void because the debtors occupied the premises as a homestead. The complainant secured a decree which upon appeal to the Supreme Court was reversed. The opinion by Mr. Justice Dickey reviews the cases, including *Hartwell v. McDonald* (in which there are some expressions seemingly inconsistent with the general rule), which the opinion states is reasonable and has become a rule of property. The opinion continues: "A careful examination of the language of the statute will show that it prohibits the sale of the homestead only to the extent of the $1,000 in value, and contains no prohibition of the sale of the surplus over and above that amount. It is the *$1,000 in value of which the sale is forbidden, and not the surplus in premises occupied by the debtor. The provisions as to the manner in which an execution sale is to be made are simply directory and not prohibitory. It is not declared that a sale without setting off the homestead shall be null and void.* Undoubtedly the debtor may insist upon the statute being complied with, and may in apt time no doubt apply to a court of equity to set aside the sale whenever a non-compliance with the statute has injuriously affected him. Manifestly this provision is principally for the benefit of the judgment creditor, for, upon a sale being made with the homestead set off, the purchaser becomes entitled to the possession of the portion sold immediately upon the execution of the sheriff's deed, whereas, if a sale be made without regard to those provisions, the purchaser can obtain no title nor any right to possession until he obtains a decree in equity setting off the debtor's homestead, and he loses all rents and profits accruing prior to the entry of such decree. Although a sale under execution, without regard being had to the provisions of the statute in question, may

pass an equitable title to the surplus over and above the $1,000 in value, and entitle the holder of such title to maintain a bill in equity to have the debtor's homestead set off, and to have commissioners appointed to make the division, and perhaps for other equitable relief, yet this bill seeks no such relief." The decree was reversed. This case is adhered to and the *Hartwell* case distinguished in *Krupp v. Brand,* 200 Ill. 403.

The sum and substance of all the cases seems to be that the sale of a homestead worth less than $1,000 is absolutely null and void; that the directions of the statute as to procedure in other cases are directory and not mandatory; that while the sale of the premises subject to the homestead where the value of the same is more than $1,000 will not *vest a legal title in the purchaser,* it does give an equitable right which will be recognized in equity upon the payment to the owner of the value of the estate of homestead to the amount fixed by the statute.

Here, obviously, the redeeming creditors stand in the shoes of the purchaser at the first sale and take his right, title and interest and nothing more. Their rights and the rights of the plaintiffs can be adjusted only in a proceeding in equity. The purchaser could not maintain a suit at law in ejectment or forcible detainer against plaintiffs. Plaintiffs cannot maintain this suit at law against the sheriff, to recover a part of the proceeds of the sale. Plaintiffs have not been deprived of their homestead; they still occupy it and still have title to it. If we assume the sale was good it was made subject to their homestead rights. If the sale was void their rights have not been affected in any way. They cannot recover the price of their homestead and hold and occupy it at the same time. The law favors the holders of a homestead but not to the extent of requiring it to be paid for when it has not

been taken. This appears from the cases already cited· and other cases to the same effect are *Diets v. Hagler,* 309 Ill. 381; *Van Winkle v. Weston,* 276 Ill. App. 66; *Voss v. Rezgis,* 343 Ill. 451. *Johnson v. Muntz,* 364 Ill. 482, was a proceeding in equity and is not inconsistent with the views herein expressed.

The judgment of the trial court is affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.