## Edward D. Brown, Appellee, v. Walter A. Nelson and Minnie E. Nelson, Appellants.

### Gen. No. 9,580.

Opinion filed April 12, 1941. Rehearing denied May 7, 1941.

F. B. Brian and J. E. Richards, both of Toulon, for appellants.

Frances E. Spooner, of Chicago, and Sturtz & Ewan, of Kewanee, for appellee.

Mr. Justice Dove delivered the opinion of the court.

On November 24, 1926, Walter A. Nelson and Minnie E. Nelson, his wife, executed a note for $23,000 payable to the order of the John Hancock Mutual Life Insurance Company, and secured its payment by a mortgage upon 160 acres of land in section 21, and 80 acres of land lying across the road in section 28, all in township 14, Henry county, Illinois. The land in section 21 was improved by a dwelling occupied by the mortgagors as their home, and other farm buildings were located upon the 160 acre tract.

On September 11, 1930, Edward D. Brown recovered a judgment in the circuit court of Henry county against the said Walter A. Nelson and Minnie E. Nelson, upon which an execution issued, which was shortly thereafter returned unsatisfied. On March 1, 1932, Walter A. Nelson and Minnie E. Nelson executed and delivered to the Insurance Company an instrument spoken of in this record as a certificate of entry. This instrument was duly acknowledged and on April 4, 1932 filed for record. It recited the execution of the note and mortgage to the Insurance Company, that the mortgagors had defaulted in making the stipulated payments of principal, interest and taxes, and that upon the demand of the Insurance Company, they had vacated the premises described in said instrument and surrendered peaceful possession thereof to the Insurance Company, and had assigned and transferred all their right, title, and interest in the growing crops upon said premises to said Company. On the day this instrument was executed and as a part of the same transaction the Insurance Company entered into a

written lease with the said Walter A. Nelson by the provisions of which it leased to him on a crop and cash rental basis, the farm from March 1, 1932 to February 28, 1933. During the next ensuing 6 years a new lease was annually entered into and the Nelsons continued to live upon the premises, and operated the farm in substantially the same manner as they previously had done. On July 10, 1936, an alias execution was issued upon the judgment of September 11, 1930, rendered in favor of Edward D. Brown which was levied upon this 240 acres of land. Thereafter, the premises were duly advertised and offered for sale, and at the sale on January 15, 1938, Edward D. Brown bid them in for $8,000 and received a certificate of purchase therefor.

On November 7, 1938, upon motion, the original cause in which judgment was rendered against the Nelsons in favor of Brown was redocketed, and the Nelsons filed their motion to set aside the sale of January 15, 1938 and to hold for naught the said certificate of purchase issued to Brown. Upon a hearing, this motion was denied, and from that judgment order, the judgment debtors, Walter A. Nelson and Minnie E. Nelson appeal.

The record discloses that appellants purchased the 160 acres of land upon which they resided in 1913 and the 80 acres across the road in 1926. That when the premises were sold in January 1938 by virtue of the execution issued on appellee's judgment, they were not sold subject to any homestead rights, and prior to the sale no homestead estate was set off to appellants. It further appears that the 160 acre tract was occupied by appellants as their homestead at that time, and had been continuously for 26 years. While the certificate of entry executed by appellants on March 1, 1932, recites that they had vacated the premises and surrendered peaceable possession thereof to the Insurance Company, they continued in possession thereof

after the execution of that instrument the same as before, and notwithstanding the execution by them of the several leases to the Insurance Company, they never paid rent to the Insurance Company, but continued to pay interest on their note, secured by the mortgage which the Company continued to hold. On April 1, 1939, this certificate of entry was, by the Insurance Company, duly released of record. This release recited that the Insurance Company was the present owner and holder of the original indebtedness secured by the mortgage of November 24, 1926, and that the note evidencing that indebtedness had been extended by an instrument dated December 17, 1937, and that the rights and interests of the Insurance Company under its original mortgage and extension agreement were in no way affected or impaired.

Appellants contend that it was the duty of appellee to set off to them their estate of homestead before proceeding to sell the premises they occupied by virtue of the execution on appellee's judgment and not having done so that the sheriff's sale thereof was void.

Under the provisions of our statute, every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1,000, in the farm and buildings thereon owned or rightly possessed, by lease or otherwise, and occupied by him as a residence, and such homestead and all right and title therein shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts. Chapter 52, sec. 1, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.124]. If, in the opinion of the creditor or officer holding an execution against said householder, the premises claimed by him or her as exempt are worth more than $1,000 such officer shall summon three householders, as commissioners, who shall upon oath to be administered to them by the officer, appraise said premises; and if, in their opinion, the property may be divided without injury to the interest of the parties,

they shall set off so much of said premises, including the dwelling house, as in their opinion shall be worth $1,000, and the residue of the said premises may be advertised and sold by such officer. Chapter 52, sec. 10, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.133].

*Starczewski v. Toman,* 296 Ill. App. 602, was an action by judgment debtors against the sheriff of Cook county to recover from him the value of their homestead estate to the amount of $1,000 which the sheriff had sold on an execution against them. The court commented upon the provisions of the statute creating the estate of homestead, reviewed several cases and stated that the sum and substance of all of the cases seemed to be that the sale of a homestead worth less than $1,000 is absolutely null and void, but that the statutory provisions as to how an estate of homestead may be involuntarily extinguished in premises worth more than $1,000 are directory and not mandatory; that while the sale of the premises subject to the homestead where the value of the same is more than $1,000 will not vest a legal title in the purchaser, it does give an equitable right which will be recognized in equity upon the payment to the owner of the value of the estate of homestead to the amount fixed by the statute; that redeeming creditors stand in the shoes of the purchaser at the first sale, and take his right, title and interest, and nothing more; that their rights and the rights of the judgment debtors can be adjusted only in a proceeding in equity; that the purchaser could not maintain a suit at law in ejectment or forceable detainer against the owner of a homestead estate, nor could the owner of such homestead estate maintain a suit at law against the sheriff to recover a part of the proceeds of the sale; that the owners of the homestead estate have not been deprived of their homestead but that they still occupy it and still have title to it. The court said that if it be assumed that the sale was good, it was made subject to their home-

stead rights, if it was void, their rights have not been affected in any way; that they could not recover the price of their homestead and hold and occupy it at the same time, and that while the law favors the owner of a homestead, it does not favor him to the extent of requiring the homestead to be paid for when it has not been taken. The court quoted from *Leupold v. Krause*, 95 Ill. 440 beginning at the bottom of page 447 in part as follows:—"A careful examination of the language of the statute will show that it prohibits the sale of the homestead only to the extent of the $1,000 in value, and contains no prohibition of the sale of the surplus over and above that amount. It is the $1,000 in value of which the sale is forbidden, and not the surplus in premises occupied by the debtor. The provisions as to the manner in which an execution sale is to be made are simply directory and not prohibitory. It is not declared that a sale without setting off the homestead shall be null and void. Undoubtedly, the debtor may insist upon the statute being complied with, and may in apt time no doubt apply to a court of equity to set aside the sale whenever a non-compliance with the statute has injuriously affected him. Manifestly this provision is principally for the benefit of the judgment creditor, for, upon a sale being made with the homestead set off, the purchaser becomes entitled to the possession of the portion sold immediately upon the execution of the sheriff's deed, whereas, if a sale be made without regard to those provisions, the purchaser can obtain no title nor any right to possession until he obtains a decree in equity setting off the debtor's homestead, and he loses all rents and profits accruing prior to the entry of such decree. Although a sale under execution, without regard being had to the provisions of the statute in question, may pass an equitable title to the surplus over and above $1,000.00 in value, and entitle the holder of such title to maintain a bill in equity

to have the debtor's homestead set off, and to have commissioners appointed to make the division, and perhaps for other equitable relief, yet this bill seeks no such relief."

*Diets v. Hagler,* 309 Ill. 381 was a bill in chancery filed by S. J. Diets against H. T. Hagler and Minerva Hagler praying for the assignment of an estate of homestead to them, or if it could not be assigned, for a decree authorizing the complainant to pay, and requiring the defendants to accept $1,000 in satisfaction of their homestead right. It appeared in that case that the premises were occupied by the judgment debtors as a homestead, but no attempt was made to set off the homestead. In affirming a decree granting the complainant the relief sought, the court held that a sale of land worth more than $1,000 upon which the debtor resided with his family, without setting off his homestead is not void, but that such sale without setting off the homestead as required by statute, vests in the purchaser no title which is available in a proceeding at law for the possession of the premises, because a court of law cannot determine how far the homestead right will enter, but that such a purchaser does get an equitable title to the excess in value of $1,000, which he may go into a court of equity and enforce by having a homestead of that amount set off to the judgment debtor, or if that is impracticable, by paying him $1,000, and that on application of the judgment debtor to set aside such a sale, a court of equity may cause the homestead to be set off if the property is divisible, and set the sale aside to the homestead so set off, only, or if the property is not divisible may require the debtor to accept the $1,000 for his homestead if the purchaser shall elect to pay it.

In *Krupp v. Brand,* 200 Ill. 403 a bill of complaint was filed by a purchaser at an execution sale who had received a sheriff's deed to the premises purchased, which consisted of the homestead of the defendants

exceeding in value $1,000, where no steps had been taken by the sheriff to set off the homestead before the sale as required by statute. The bill prayed that the homestead be set off as provided by law, and in the event it could not be, that then the defendants be directed to surrender possession to the complainant upon payment of $1,000. In affirming a decree which granted this relief, the court reviewed former decisions having to do with the same questions arising in actions at law and in suits in equity, and quoted with approval from *Leupold v. Krause, supra,* to the effect that a judgment debtor may insist upon the statute with reference to setting off a homestead where its value exceeds $1,000, being complied with and may in apt time apply to a court of equity to set aside the sale whenever a noncompliance with the statute has injuriously affected him. The court then said that a court of equity had the power to cause the homestead to be set off upon application of the purchaser and also upon the application of the claimant of the homestead and in the course of its opinion stated: "The underlying question in all the cases is whether the purchaser of a homestead exceeding in value $1,000.00 gets the title to the excess over and above that amount, or whether he gets nothing. If he gets no title whatever, he can have no standing in a court, either of law or equity. The legal title to the undivided interest in excess of $1,000.00 does undoubtedly pass to the purchaser. The real ground upon which the decisions in actions at law rest is, that the title is not available in ejectment or forcible detainer because a court of law 'cannot determine how far the homestead right will extend.' It was not intended in any of those cases to hold that the purchaser had no title whatever, but only that his title was not available in those forms of action,—and this sufficiently appears from the cases themselves. At all events, it must be said now with greater necessity than

it was in *Leupold v. Krause, supra,* that the rule announced in *Loomis v. Gerson, supra,* and *Stevens v. Hollingsworth, supra,* as construed in the *Leupold case,* has become a rule of property, and should not be overruled except upon the most urgent necessity."

The contention of appellants that the sale in the instant case is void cannot be sustained. The authorities are otherwise. The provisions of the statute as to the manner in which an execution sale is to be made are directory and not mandatory. The record discloses that one of the judgment debtors was present at this sale and made no protest. Appellee was present and his bid of $8,000 was accepted and he received a certificate of purchase. Almost 10 months thereafter appellants, by motion, sought to have the sale set aside, contending that no title passed to the purchaser and that he took nothing. The legal title, however, to the undivided interest in excess of $1,000 did pass by that sale to appellee, the purchaser. The sale was not void and had appellants sought to invoke the equitable powers of the court and desired their homestead estate to have been set off, such application could have been very properly considered by the court, but in the absence of any request therefor by either the claimant of the homestead or by the purchaser at the sale, the trial court entered the only order warranted by the authorities, and that order will be affirmed.

*Judgment order affirmed.*