## D. B. PONTON v. J. J. BALLARD.

Whether or not, the possession of a vendee, whose title is not recorded, is of such a character as to affect a subsequent purchaser with notice, is a question of fact for the jury.

*Constructive notice* of a prior unrecorded title, is as effectual as *actual notice*, to defeat the title of a subsequent purchaser.

If the jury *may* have been misled by an erroneous charge, the judgment will be reversed, although there were other grounds upon which they might have based their verdict.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

This was as action of trespass to try title, brought by J. J. Ballard against D. B. Ponton, for a tract of land, claimed by both parties under A. J. Ponton.

The plaintiff, (together with other evidence, which is unnecessary to be stated,) gave in evidence, as the foundation of his title, a deed of trust for the land in controversy, dated the 11th of August, 1857, and recorded on the 1st of September, 1857, from A. J. Ponton to T. H. Streich, as trustee, to secure the payment of a note of the said A. J. Ponton, in favor of the plaintiff. And also a deed from the said trustee to the plaintiff for the land, dated the 3d of February, 1859.

The defendant gave in evidence a title bond for the land in controversy, from the said A. J. Ponton to himself, in consideration, as stated therein, of $200 paid, and the further sum of $1800, to be paid by the 10th of December, 1857 ; this bond was executed on the 28th of June, 1857, and filed for record on the 31st of December, 1857. Also a deed for the same land, executed to him by A. J. Ponton, on the 10th of November, 1857, and recorded on the 17th of December, 1857. He also proved by several witnesses, that he contracted with the said A. J. Ponton, for the purchase of the land, in the winter of 1856–7 ; that a part of the purchase-money was paid that spring, and the remainder, at different times, to the spring of 1859 ; that in April, 1857, he went into possession of the land, and subsequently held and claimed it as his property.

The plaintiff, in rebuttal, proved that subsequently to the execution of the said bond and deed, by A. J. Ponton to the defendant, the former had claimed and exercised acts of ownership over the land, with the knowledge and apparent consent of the defendant.

The court instructed the jury as follows, to wit : " If the jury believe, from the evidence, that the deed of trust from A. J. Ponton to Streich, for the benefit of J. J. Ballard, was recorded in Lavaca county, prior to the recording of the bond and deed from A. J. Ponton to D. B. Ponton, and that, at the time of the execution of the said deed of trust, the said J. J. Ballard had

no *actual* notice of the said bond and deed from A. J. Ponton to D. B. Ponton, and that the said deed of trust was recorded prior to the recording of said bond or deed, then, even if the bond and deed to D. B. Ponton were executed with no fraudulent intent, still the plaintiff would be entitled to the satisfaction of the said deed of trust, by sale of the land, in compliance with the said deed, and would take a perfect title, under a sale made by virtue thereof."

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*Allen & Hale*, for the appellant.

*Harcourt & Robson*, for the appellee.

BELL, J.—We are of opinion that the court erred in the first, instruction given to the jury. There was evidence before the jury, that D. B. Ponton, who was defendant in the court below, had been in the actual possession of the land in controversy, for some time previous to the execution of the deed of trust, executed by A. J. Ponton to Streich, for the benefit of Ballard. This being so, it should have been submitted to the jury, to determine whether or not, the possession of D. B. Ponton was of such a character as to affect Ballard with notice of the title under which he held the possession. The instruction which the court gave to the jury, permitted them to find in favor of the plaintiff, Ballard, unless they believed from the evidence, that Ballard had·" actual notice," at the time of the execution of the deed of trust to Streich, of the bond for title from A. J. Ponton to D. B. Ponton. Now, if the title of Ballard could be affected by showing that, at the time of the execution of the deed of trust, he had notice of the title of Ponton, it would be just as effectual to show that he had constructive notice, as to show that he had actual notice. The instruction, therefore, was unfavorable to Ponton, and he may well complain of it, as furnishing to

the jury a ground upon which to find their verdict, which is not tenable in law.

We deem it unnecessary to discuss other questions in the case, as the judgment must be reversed for the error of the court in giving the first instruction to the jury. Although there were other grounds upon which the jury might have found their verdict, yet we cannot undertake to say that they did not find upon the first instruction given by the court. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.