Helm v. Kaddatz.

## Nathan B. Helm v. Johann F. Kaddatz et al.

1.   NOTICE—*Actual Possession of Land by a Party Under an Unrecorded Deed.*—Actual possession of land by a party under an unrecorded deed is constructive notice of the legal and equitable right of the party in possession.   Actual, visible, and open possession is regarded as notice equal to the recording of a deed.

2.   SAME—*Rule at Common Law.*—At common law the first grantee acquired the title without regard to notice, either actual or constructive. As to subsequent purchasers, notice, either actual or constructive, will defeat the junior grantee, and such notice may be by recording, possession of the premises, or by other means.   The recording statute has only given the priority to the junior deed or trust deed when the grantee has acted in good faith.

3.   SAME—*A Question of Fact Whether Possession of Vendee with Unrecorded Deed is Constructive Notice.*—Whether the possession of a vendee with an unrecorded deed is of such a character as to amount to constructive notice, is a question of fact.   .

4.   HOMESTEAD—*Is an Estate.*—Under the present statute, a homestead is an estate.

5.   SAME—*Can Have No Separate Existence Independently of the Title to the Premises.*—The reservation in a deed by the grantors " for themselves a homestead in the house on the premises hereby conveyed. as long as they or either of them may live," does not rise to the dignity of

an estate of homestead. It merely reserves the privilege of residing on said premises, which privilege or right is personal and can not be conveyed to a stranger.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

In 1885, Johann F. Kaddatz purchased for the sum of $350 an improved lot now known and described as 1296 North Western Avenue in the city of Chicago. In 1887 he built a house thereon for the sum of $1,000, and then with his family, including Albert Kaddatz, then twenty years of age, moved into the house, where appellees have continued to live to the time of the filing of the bill herein, excepting for a period from February, 1898, until June, 1899, when Johann F. Kaddatz resided with his daughter, who lived on the adjoining lot. The bill of complaint in this case was filed by Nathan B. Helm, August 1, 1899, to foreclose a deed of trust on said lot given to secure two notes aggregating $350. Answer of defendant Johann F. Kaddatz, denies the execution of said notes and says that the deed of trust was obtained by fraud; and that on August 17, 1895, that he and his wife conveyed said premises to his son, said Albert Kaddatz, in fee-simple. The answer of said Albert Kaddatz alleges said conveyance to himself, and that he entered into possession and has ever since been in open, exclusive and continuous possession thereof.

Said Albert Kaddatz filed a cross-bill September 11, 1899, and therein alleged said conveyance to have been in consideration of " services and support theretofore rendered, and other valuable considerations." The answer of said Nathan B. Helm to said cross-bill alleges that he purchased said notes and trust deed for a valuable and adequate consideration.

Issues made by bill and cross-bill were joined and the case referred to a master in chancery, who reported that on August 17, 1895, his father and mother conveyed said premises by quit-claim deed to said Albert Kaddatz; but

said deed was not recorded until July 10, 1899 (over fifteen months after the recording of the trust deed in question); that his father continued to occupy said premises as a homestead until February 17, 1898, when Johann F. Kaddatz, because of some trouble with his son's wife, left the premises and did not return until the month of June, 1899; that the consideration of said two notes was adequate and sufficient in law to support the same and that they are valid in the hands of said Helm; that said Helm purchased said notes in April or May, 1898, before their maturity, in good faith; that said notes and the trust deed securing the same were executed March 21, 1898; that said Albert Kaddatz was in the open, notorious, visible, and exclusive possession of said premises at the time of the making and recording of said trust deed; that his exclusive possession thereof was notice to the original payees of said notes and their vendee, the said Helm, of the rights of said Albert Kaddatz under said quit-claim deed; that said quit-claim deed contains the reservation of a homestead in the house on said lot to the grantors, said Johann F. Kaddatz and his wife, so long as they or either of them may live. The master's report recommends that said deed of trust be set aside as a cloud on the title of Albert, and that the original bill be dismissed for want of equity.

A decree was entered December 9, 1901, adopting the findings of the master and ordering that the bill of complaint be dismissed for want of equity.

WILLIAM P. SHOOKEY, attorney for appellant.

JAMES C. McSHANE, attorney for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This was a proceeding to foreclose a trust deed, dated March 21, 1898, and executed by Johann F. Kaddatz. Mr. Kaddatz purchased the lot in question in 1885, and held the title of record until July 10, 1899; on this last named date was recorded a quit-claim deed dated August 17, 1895, and executed by himself and wife to their son, Albert Kaddatz.

In 1887 he erected a house thereon and with his family there lived until February 17, 1898, when, owing to the death of his wife and some unpleasantness between himself and his daughter-in-law, he removed to the house of a married daughter on an adjoining lot and remained at her home until the month of July, 1899, at which time he returned to the premises in question. During his absence from the premises and on the 28th day of March, 1898, he executed two notes (one payable to his attorney) aggregating $350 and secured the same with a trust deed of the premises in question. The master finds that these notes were given for a valuable and adequate consideration and that in the month of April or May, 1898, appellant, Nathan B. Helm, purchased said notes from the owners for a valuable consideration before maturity and without notice of the rights of said Albert Kaddatz in and to said real estate other than the notice with which he is chargeable because of the alleged possession of said Albert Kaddatz.

It appears that Albert, at the time the house was erected on the lot in question in 1887, was twenty years of age and residing with and a member of his father's family. Albert contributed to some extent to the household expenses and remained in the house continuously. After February 17, 1898, the date when his father left the premises as aforesaid, he and his wife remained in possession of the premises and continued in the exclusive possession of the same to the month of June, 1899. While he was thus in exclusive possession and about one month after his father had left the same, to wit, March 21, 1898, his father executed the notes and trust deed in question sought to be foreclosed in this proceeding; but said Albert had received a deed of the premises executed by his father and mother and dated August 17, 1895; the said deed, however, was not recorded in the recorder's office of Cook county until July 10, 1899.

The principal controversy in this case is, were the notes and trust deed in question purchased in good faith by complainant and was the possession of Albert Kaddatz of such character as to give notice to the said Helm of the rights of said Albert Kaddatz in and to said real estate.

Helm v. Kaddatz.

It is well settled that actual possession of land by a party under an unrecorded deed is constructive notice of the legal and equitable right of the party in possession. Thomas v. Burnett, 128 Ill. 37. At the common law the first grantee acquired the title without reference to notice either actual or constructive. It has been held that as to subsequent purchasers, notice either actual or constructive will defeat the junior grantee, and that such notice may be by recording, possession of the premises, or by other means. The recording statute has only given the priority to the junior deed or trust deed when the grantee has acted in good faith. If at the time the notes and the trust deed in question were executed, the payee or purchaser thereof had notice of the unrecorded deed of Albert Kaddatz, he must be regarded as acting in bad faith and neither principles of justice nor the policy of the law will permit him to avail of the priority of the record. McConnel v. Reed, 2 Scam. 371. Actual, visible, and open possession is regarded as notice equal to the recording of a deed. The person holding the first conveyance, though unrecorded, and being in the open, visible and exclusive possession before the junior deed is recorded, must be held to be the owner of the title. It appears from the record that Kaddatz senior, had gone away from the premises, and that his son Albert had been in the exclusive possession thereof, more than one month prior to the giving of said notes and said trust deed. It further appears, perhaps, rather from what counsel say, than from the record, that an estrangement existed between the father and the son's family. If it be true that the notes were originally given to persons employed to set aside the said quit-claim deed to Albert Kaddatz, there can be little doubt that the rights and interests as claimed by Albert Kaddatz were fully known to the payees of the notes. So that they were not misled under the impression that no claim adverse to the interests of Kaddatz senior, was made by Albert.

About one month after the giving of said notes, it is claimed that Helm, appellant, bought them in good faith, and that he was entirely ignorant of the circumstance under

which they were given; but can it be held that if Helm or the parties representing him did not know what relations existed between the father and son, and failed to inquire of the son, then living on the premises, and in the open, visible, actual, and exclusive possession thereof, what right or interest he claimed in the premises, and that, failing to exercise such care, he is still entitled to have his notes and trust deed declared a lien superior to the interests of Albert in said premises? It certainly can not be claimed that the possession of Albert Kaddatz·was consistent with the record title of his father. Albert Kaddatz was married and had a family of his own. His father was a widower and alone. Albert, while yet a minor, was industrious and contributed of his salary to erect the house in question and assist in paying the expenses of his father's family while his mother was yet living, and after his mother's death, in part supported his father. All these facts were in evidence before the master and he has found that Albert was in the open, notorious and actual possession of said premises at the time of the making and recording of said trust deed, and that he was in the open, notorious and exclusive possession thereof when Mr. Helm acquired said notes and said trust deed. We do not feel ourselves justified in disturbing such finding. Whether the possession of a vendee with an unrecorded deed is of such a character as to amount to constructive notice, is a question of fact. Ponton v. Ballard, 24 Texas, 619. Reasonable diligence on the part of Mr. Helm in making inquiries of the sole occupant of the premises, would promptly and clearly have disclosed to him all these facts and the precise interest of Albert Kaddatz in the premises of Albert Kaddatz.

There is not sufficient evidence in the record to lead us to disturb the report of the master, or the decree of the court finding that the quit-claim deed was delivered to Albert Kaddatz.

But appellant further insists that even though it be conceded that the deed was duly delivered and that the possession by Albert Kaddatz constituted notice of his rights, yet

under the deed to him, his father had reserved a certain interest in said premises. The clause in the deed recited to sustain this contention, is as follows:

" This conveyance is made conditionally; that is to say, the said grantors, Johann F. Kaddatz and Johanna Kaddatz, reserve for themselves a homestead in the house situated on the premises hereby conveyed, as long as they or either of them may live."

The deed also contains the clause, " hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this state." What estate, if any, was reserved to the said Johann F. Kaddatz by the said reservation? Appellant insists that by such clause the grantors reserved to themselves the estate of homestead in the premises. By the said clauses, the grantors reserved " for themselves a homestead in the house on the premises hereby conveyed, as long as they or either of them may live." Is this a reservation of a homestead as fixed by the statute? In some jurisdictions the courts have held that the right of homestead exemption is · an estate in the land. In other jurisdiction, it is held that the right of homestead is a mere privilege or right of exemption and not an estate at all. Under the former Illinois statute the right of homestead was a mere privilege. McDonald v. Crandall, 43 Ill. 231. But under the present statute a homestead is an estate. It is not the mere homestead right of occupancy which is exempted from levy and forced sale, but it is the lot of ground occupied by the residence. Hartwell v. McDonald, 69 Ill. 293.

In Hartman v. Schultz, 101 Ill. 437, it is said:

" This court has never recognized in any of its previous decisions the doctrine sometimes insisted upon, that there can be a sale of the property subject to the right of occupancy of the party entitled to a homestead."

So precarious and restricted was the right of homestead exemption prior to the statute of 1873, that even temporary removals could not safely be made without giving color to the claim of abandonment. To remedy these inconveniences and to place the right of homestead upon a substantial

and solid basis, the legislature made the homestead an estate.

If the householder has the fee of the estate, then the estate of homestead is in fee to the extent of $1,000. But the language of the deed before us reserves a homestead in the house situated on the lot conveyed, during the life of the grantors. The reservation contained in this deed does not rise to the dignity of an estate of homestead. If there were a homestead in the premises in question it would of necessity be an estate in fee of the value of $1,000.

"The estate of homestead is based upon the title of the householder and can have no separate existence independently of the title which constitutes one of its essential elements and from which it is inseparable." Kitterlin v. Milwaukee Mech. Ins. Co., 134 Ill. 647.

After a careful study of the record, we are of the opinion, first, that Albert Kaddatz was in the open, visible, actual and exclusive possession of the premises in question at the time the notes and trust deed in question were executed and also when purchased by appellant; second, that there is no language in the deed constituting an estate of homestead in the land; third, that appellant bought said notes and trust deed subject to the rights and interests of said Albert Kaddatz, which are the entire estate, subject to the privilege of his father to reside on said premises, but which privilege or right is personal and can not be by his father conveyed to a stranger.

The decree of the Circuit Court is affirmed.