## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1871.

62    11
139   641

62    11
185   411

62    11
e200  ²408
200   410

### MASON B. LOOMIS.

*v.*

### JOSEPH GERSON.

1. HOMESTEAD EXEMPTION—*a protection against judgments rendered in criminal prosecutions.* Under the laws of 1851 and 1857, the homestead is exempt from sale under a judgment for a fine and costs rendered in a criminal prosecution against the husband for a misdemeanor.

2. SAME—*sale of homestead—whether should be set aside.* But where the homestead was sold under such a judgment, it was *held,* that if the purchaser would pay to the grantee of the judgment debtor the $1,000 exemption, he should be permitted to do so, and retain the title.

APPEAL from the Circuit Court of Livingston County; the Hon. CHARLES H. WOOD, Judge, presiding.

This was a bill in chancery, in which the complainant, Joseph Gerson, alleged that, on the first day of April, 1868, one Peter I. Neilson, being indebted to Nelson Anderson, on a promissory note for $350, with his wife executed a mort-

(11)

gage to said Anderson to secure such indebtedness, conveying lot nine, in block fifteen, in the town of Dwight, county of Livingston, in the State of Illinois, and that on the first of July, 1868, said Neilson being further indebted to said Anderson on a promissory note of that date for $350, to secure the same, executed to said Anderson another mortgage on the same premises.

It was further alleged in the bill that, at the January term, 1869, of the Circuit Court of said county, said Neilson was indicted for selling liquor without a license, and that at the May term, 1869, of said court, Neilson was found guilty thereon, on twenty counts, and fined in the sum of $200 and costs; that, on the 21st day of May, 1869, execution and fee-bill were issued for the collection of said fine and costs, and that by virtue thereof the sheriff levied on said premises, and sold the same to the defendant, Mason B. Loomis; that, on the 23d day of March, 1869, said Neilson and wife conveyed said premises, by warranty deed, to complainant, releasing homestead; that, on the 25th day of March, 1869, complainant paid the full amount of the Anderson mortgages, and that said Anderson executed releases of the same, which were recorded.

The bill then alleges that, at the time of the finding of said indictment, said lot nine was the homestead of said Neilson, who was then and there a householder and the head of a family, and residing with them thereon, and that Neilson continued to reside on, and occupy said lot for a long time prior to the finding of said indictment, and until the same was conveyed to complainant; that said premises were not worth to exceed $1,800, the amount paid by complainant; that said premises were not sold by the sheriff as required by law, under the provisions of the Homestead Act, and that said sheriff's sale constituted a cloud on the complainant's title. Prayer that the levy and sale be set aside.

The defendant filed a general demurrer to the bill, which was overruled by the court, and a decree entered setting aside the sale.

The defendant appeals.

Mr. MASON B. LOOMIS, appellant, *pro se.*

Mr. A. E. HARDING, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

We held, in *Conroy* v. *Sullivan,* 44 Ills., 451, that, under the laws of 1851 and 1857, the homestead was protected from sale under a judgment obtained against the husband for his torts, as well as under one obtained for violation of his contracts. The object of these laws was to furnish a shelter for the wife and children, which could not be taken away or lost by the act of the husband alone. This principle must equally exempt the homestead from sale under a judgment for a fine and costs rendered in a criminal prosecution for a misdemeanor. The wife is not to suffer for the wrongful act of the husband. The State must submit to the same exemptions of a defendant's property that it imposes upon its citizens. The court, therefore, did not err in overruling the demurrer to the bill.

The sale, however, should not be absolutely set aside. All that the judgment debtor has a right to claim is $1,000, and if the defendant prefers to pay that sum to the complainant, who stands in the shoes of the judgment debtor, he should be permitted to do so, and retain the title.

The mortgages paid by the complainant were extinguished by his payment in the manner stated in his bill.

For the error in setting aside the sale absolutely, the decree must be reversed and the cause remanded.

*Decree reversed.*