GEORGE W. KIMBREL

*v.*

HUGH W. WILLIS.

*Filed at Mt. Vernon February 3, 1881.*

HOMESTEAD—*ceasing to have a family does not forfeit the estate.* Although it is a necessary condition to the creation of the estate of homestead that the party be a householder having a family, yet it is not necessary to its continuance that such person should be a householder having a family. The estate and exemption will continue to the owner during his life, unless he abandons or waives the same, as provided in the statute. Therefore, the death of his wife and all his children attaining their majority, will not subject his homestead to sale on execution, he remaining in the occupancy thereof.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. C. S. CONGER, Judge, presiding.

Messrs. GREEN & CARPENTER, for the plaintiff in error.

Messrs. TANNER & WILBANKS, for the defendant in error:

When the householder ceases to have a family, his home-stead estate ceases. *Revalk* v. *Krœmer*, 8 Cal. 66; *Gee* v. *Moore*, 14 id. 172; *Cooper* v. *Cooper*, 24 Ohio St. 488.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed by the plaintiff in error, to set aside a sale under execution, on August 14, 1878, of a certain forty acres of land in Jefferson county, of the value of from $200 to $400, on the ground that it was his home-stead, and as such was exempt from the sale.

It is solely upon the point of having a family at the time of the judgment and execution sale, as the case is presented, that the question of homestead right is made to depend.

Sections 1 and 2 of the Homestead act are as follows:

"§ 1. That every householder having a family shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occu-pied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided.

"§ 2. Such exemption shall continue after the death of such householder, for the benefit of the husband or wife sur-viving, so long as he or she continues to occupy such home-stead, and of the children until the youngest child becomes twenty-one years of age; and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident."

The proofs show the plaintiff to have been the owner of the land; that he moved thereon some twenty-six years ago; that at that time he had a wife and eleven children; that his wife died about eighteen years since; that his children had all

reached their majority, the youngest two or three years previously. He says that he never removed his household goods from the place; that for the last four or five years he had rented the land most of the time; that he had no team, and worked around, returning at times to the place as his home; that he had no family living with him at the time of the rendition of the judgment or of the execution sale.

The estate of homestead, under the statute, is allowed, not to any person occupying premises of the designated value as a residence, but to " every householder, having a family," so occupying premises.

Plaintiff once was a householder having a family, and became entitled to an estate of homestead in the premises. He afterwards ceased to be such a householder, and was not such at the time of the judgment and execution sale in this case.

The inquiry then is, whether plaintiff, having once acquired an estate of homestead by virtue of being a householder having a family, lost the estate on ceasing to be a householder having a family,—whether the being such a householder having a family, which is the essential condition of the creation of such an estate, is also the necessary condition of its continuance. The statute makes no expression in this regard. It mentions several ways in which the estate may become extinguished, but does not name among them the ceasing of the relation of such householder, as above, and contains no hint in respect to the continuance of such relation as being necessary to the continuance of the estate.

There is much force in the observation that the Homestead act has respect to the family of the debtor, is for its benefit, to secure a home for the family, and that in any case where this family relation is not found to exist, the homestead exemption does not subsist, there being no reason or cause for the application of the Homestead law. This is very true as to the coming into existence of the homestead estate, and although the prime object of the statute be the securing of a home for the family, and for the benefit of the family as such,

the second section of the statute shows that not to be the sole purpose throughout. That section provides, that upon the death of the original owner of the homestead, the homestead exemption shall continue after the death for the benefit of the husband or wife surviving, so long as he or she continues to occupy the homestead. It is not so long as he or she also remains a householder having a family, but simply so long as he or she continues to occupy the homestead, entirely irrespective of the condition of being a householder having a family. There may be no surviving child and no family, still the homestead exemption is continued to the surviving wife or husband, so long as she or he continues to occupy the homestead.

If, then, the homestead exemption may continue in such surviving husband or wife so long as he or she continues to occupy the homestead, without the condition of being a householder having a family, why, in the case of the original owner of the homestead before his death, after the homestead estate has once become vested in him, should not the homestead exemption continue for him so long as he occupies the homestead premises, although he may have ceased to be a householder having a family? Why should not the statute in this respect regard him, the original owner, the meritorious cause of the homestead exemption, with equal favor as the survivor of such an one after his death? We are of opinion that it does, and that within the spirit of this second section, and the fair intent of the Homestead act, taken together, the homestead exemption continued here after plaintiff had ceased to be a householder having a family; that after the homestead estate has once been acquired, under the statute, it continues in the original owner so long as he occupies the homestead premises, although he may have ceased to be a householder having a family, and will only become extinguished in some one of the modes mentioned in the statute, of which ceasing to be a householder having a family is not one. This rendering of the statute would be in accord with the liberal inter-

pretation which this court has always given to the Homestead law.

We are referred to decisions of courts in other States, as, *Revalk* v. *Krœmer*, 8 Cal. 66, and *Cooper* v. *Cooper*, 24 Ohio St. 488, that where the householder ceases to have a family his homestead exemption ceases, but they were under peculiar State statutes, differing, as we take it, from ours. We are not satisfied that, under the phraseology of our statute, the construction there would have been different from the one we adopt.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*