JUST L. HAMALLE *et al.* Appellees, *vs.* LAFE LEBENS-
BERGER, Appellant.

*Opinion filed April 22, 1915.*

1. PLEADING—*the Homestead act need not be specially pleaded in order to invoke its benefits.* The Homestead act is a public law of which the courts are bound to take judicial notice, and it is therefore not necessary to set out the law, or any particular section thereof, in order to invoke the benefit of its provisions.

2. HOMESTEAD—*a mortgagor is entitled to homestead in equity of redemption as against subsequent creditors.* Even though the owner of premises has given a mortgage thereon in which he releases his homestead estate, he is entitled, under the proviso to section 4 of the Homestead act, to an estate of homestead in his equity of redemption as against subsequent judgment creditors.

3. SAME—*when judgment is not a lien upon homestead premises.* If the value of homestead premises upon which there is a mortgage does not exceed the amount due on the mortgage added to the value of the homestead estate, a subsequent judgment against the owner does not become a lien against the premises, and a purchaser from the owner takes title free from any alleged lien of the judgment even though he has notice of the judgment.

4. SAME—*when purchaser at execution sale cannot insist upon retaining the premises by paying value of homestead estate.* If the evidence shows that the value of homestead premises does not exceed the amount of the homestead estate and the amount due on a mortgage thereon, a purchaser at an execution sale on a subsequent judgment against the mortgagor cannot insist upon retaining the premises by paying the amount due on the mortgage and the amount of the homestead estate.

5. CROSS-BILL—*when cross-bill is necessary.* If the defendant to a bill to set aside a certificate of sale on an execution issued upon a subsequent judgment against the mortgagor of homestead premises desires affirmative relief by way of compelling the execution of a deed to him upon payment of the value of the homestead estate and the amount due on the mortgage he must file a cross-bill, and not merely deny that the complainants are entitled to the relief prayed by the bill.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

JAMES J. CONWAY, for appellant.

E. J. KELLY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellees, Just L. Hamalle and Thomas Tully, filed their bill of complaint in the circuit court of LaSalle county against Lafe Lebensberger, the appellant, seeking the removal of an alleged cloud upon the title of appellees to certain real estate in the city of Ottawa. The bill alleged that on October 1, 1904, William Midnight acquired title to said premises by warranty deed; that Midnight immediately entered into possession and occupied the premises as a homestead for himself and family until February 16, 1911, on which date he and his wife conveyed the premises by warranty deed to appellees, subject to a mortgage held by the Valley Building and Loan Association; that said mortgage was given by Midnight and wife on March 1, 1909, and secured a note for the principal sum of $1000; that at the time of the conveyance to appellees the premises were worth $1400; that there was due to the building and loan association $910.25, the payment of which appellees assumed as part of the purchase price, and that the appellees paid Midnight the balance of the purchase price, amounting to $489.75; that on February 2, 1911, Louis Stern & Co. recovered a judgment for $200 and costs against Midnight and his wife before a justice of the peace; that on February 8, 1911, a transcript of said judgment was filed in the office of the clerk of the circuit court of LaSalle county, and thereafter an execution was issued on said judgment to the sheriff, who wrongfully levied the same upon said premises and on April 8, 1911, sold the premises under said execution to appellant, Lafe Lebensberger, for $225.33; that on the day of the sale the sheriff executed and delivered to the appellant a certificate of sale, which was thereafter filed for record in the office of the

recorder of deeds of LaSalle county; that at the time of the entry of said judgment, and at the time of filing the transcript in the office of the circuit clerk and issuing execution thereon, said premises were the homestead of Midnight and family; that Midnight was at such times the head of a family, residing with the same upon said premises, and was entitled to an estate of homestead therein to the extent of $1000 against said judgment, which estate of homestead was exempt from levy and sale, and that the actual value of Midnight's equity in the premises was but $489.75. The bill further alleges that the certificate of sale issued to appellant is a cloud upon appellees' title and tends to depreciate the value of the premises and ought to be declared null and void.

Appellant answered the bill, specifically denying that appellees are the owners of the premises; that when the conveyance was made to appellees the premises were worth but $1400; that at the time of such conveyance there was due and unpaid on the mortgage to the building and loan association the sum of $910.25; that the purchase price was but $1400; that the full value of Midnight's equity was but $489.75; that the premises were the homestead of Midnight and family at the time they were levied upon and sold to appellant under execution; that Midnight was entitled to an estate of homestead to the extent of $1000 in the premises as against said judgment, and that the alleged homestead was exempt from levy, execution or other process to the extent of $1000. The answer charged that when the conveyance was made to appellees the premises were worth at least $2000.

A general replication was filed to the answer and the cause was referred to the master to take the proofs and report the same, together with his findings thereon, to the court. The master found in favor of appellees upon each of the issues of fact raised by the answer, except instead of finding that the premises were worth but $1400 at the

time of the conveyance to appellees he found that the value at that time did not exceed $1500 or $1600. He found and reported that the equities were with the appellees and recommended that a decree be entered in accordance with the prayer of the bill. The court overruled the exceptions filed by the appellant to the master's report and entered a decree, in which the facts as found by the master were specifically set forth as the findings of the court, and the judgment in favor of Louis Stern & Co., the execution issued thereon, the levy upon and sale of said premises and the certificate of sale were all declared void and of no effect as against appellees, and the same were set aside as a cloud upon appellees' title to the premises. Upon appeal by appellant the Appellate Court for the Second District affirmed the decree but granted a certificate of importance, and a further appeal has been prosecuted by appellant to this court.

Appellant contends that the decree is erroneous because the relief granted is based upon the finding that at the time the premises in controversy were levied upon and sold by the sheriff to appellant, and at the time they were conveyed by Midnight to appellees, Midnight was entitled to an estate of homestead to the extent of $1000 in value, notwithstanding the fact that he had given a mortgage for $1000 on the premises, in which he had released his right of homestead. In this connection the appellant concedes that where a debtor has placed a mortgage upon real estate occupied by him and his family as a residence and has therein released and waived his right of homestead, he is, under the statute, as against subsequent judgment creditors, entitled to a homestead estate of the value of $1000 in his equity of redemption, but contends that in order for the debtor or his grantee to avail himself of the benefit of the statute under such circumstances he must specially plead the proviso to section 4 of the Homestead act, as it is only by virtue of such proviso that the debtor can claim a home-

stead in his equity of redemption, and as appellees did not specially plead such proviso in their bill they were not entitled to the benefit of its provisions. The Homestead act is a public law of which the courts are bound to take judicial notice, and it is therefore not necessary to set out the same, or any ·particular section thereof, in a pleading in order to invoke the benefit of its provisions. (*People* v. *Ottawa Hydraulic Co.* 115 Ill. 281; *Chicago and Alton Railroad Co.* v. *Dillon,* 123 id. 570.) It clearly appeared from the allegations of the bill that appellees were relying upon the provisions of the Homestead act, and such facts were alleged as under the statute entitled Midnight to the exemption created by the statute as against the judgment ·of Louis Stern & Co. This was sufficient to sustain the finding that Midnight was entitled to an estate of homestead in his equity of redemption.

The appellant concedes that the proof shows that the premises in controversy were the homestead of Midnight and were encumbered by a mortgage, upon which there remained due $910.25 at the time they were levied upon and sold under execution to appellant, but contends that the evidence shows that the premises were worth $2500, and that the finding of the master and chancellor that they were worth not to exceed $1500 or $1600 is against the manifest weight of the evidence. Upon the assumption that the proof shows that the premises were worth $2500, it is argued by appellant that as the value of the premises exceeded the value of the homestead estate and the amount remaining unpaid on the mortgage indebtedness the sale by the sheriff to appellant was valid as to the excess, and at the expiration of fifteen months appellant would have the right to demand a deed on paying or tendering to appellees the sum of $1910.25, with interest, and that the decree depriving appellant of this right is erroneous. If the record sustained the appellant's contention that the premises were worth more than $1910.25, (being the amount necessary to

satisfy the mortgage indebtedness and the homestead exemption,) then, as held in *Loomis* v. *Gerson,* 62 Ill. 11, and *Krupp* v. *Brand,* 200 id. 403, the court should not have set aside the sheriff's sale or the certificate issued to appellant, but should have permitted appellant to retain his right to obtain a deed at the expiration of the period of redemption upon paying to appellees the sum of $1910.25, with interest. We have considered the evidence bearing upon the question of the value of the premises and are satisfied that the finding of the master and chancellor that the premises were worth not to exceed $1600 is in accordance with the weight of the evidence. It therefore appears from the evidence that there was no excess in the value of the premises upon which the sheriff's sale could operate. Under such circumstances appellant was not deprived of any rights in the premises by the action of the court in setting aside the certificate of sale as a cloud upon appellees' title.

Appellant, however, in this connection claims that he has always been, and is now, ready and willing to pay appellees the sum of $1910.25, with interest, and urges that the decree of the circuit court should be reversed, with directions to order the sheriff to execute and deliver to appellant a deed upon the payment of $1910.25 by appellant to the appellees. There are several reasons why this court would not be warranted in reversing the decree upon the mere statement of counsel for appellant that appellant is ready and willing to pay appellees the sum of $1910.25. First, appellant is not entitled to such relief, because, according to the weight of the evidence, the premises are worth less than the amount which must be allowed for the value of the homestead estate after deducting the mortgage indebtedness from the value of the premises. It is only in cases where the value of the premises exceeds the value of the homestead estate that a purchaser at a sale under execution is entitled to such relief. (*Barrett* v. *Wil-*

*son,* 102 Ill. 302.) Second, appellant did not by his answer or at any stage of the proceedings in the circuit court offer to pay appellees the sum of $1910.25, but, on the contrary, contended that the rights of the appellees in the premises were inferior to those of appellant. Manifestly, error cannot be predicated upon the action of the trial court in refusing to allow appellant the benefit of an offer when no such offer was made in that court. Third, by the answer appellant merely denied that appellees were entitled to the relief sought by their bill. If he desired the affirmative relief which he now seeks to obtain by the reversal of the decree he should have filed a cross-bill.

It is contended that appellees purchased the property with notice of appellant's judgment, and it was therefore inequitable to set aside the certificate of sale without making it a condition precedent that appellees pay to appellant the amount paid by him for the premises at the sheriff's sale. The judgment of Louis Stern & Co. was not a lien against the premises in the hands of Midnight, because the value of his equity of redemption was less than $1000. Midnight could therefore sell the premises free from any lien of the judgment, and no liability on account of the judgment would attach to the land in the hands of the purchaser. (Hurd's Stat. 1913, chap. 52, sec. 6; *Halliday* v. *Hess,* 147 Ill. 588; *Brokaw* v. *Ogle,* 170 id. 115.) Under such circumstances appellant has no claim to reimbursement as against appellees.

It is urged that the decree is erroneous because it finds that the judgment obtained by Louis Stern & Co. is void. The decree is not subject to this objection. It merely holds the judgment void as against appellees. It does not purport to deprive Louis Stern & Co. of the benefit of the judgment as against Midnight.

The decree of the circuit court was in all respects proper, and accordingly the judgment of the Appellate Court is affirmed. *Judgment affirmed.*