(No. 11183.—Reversed and remanded.)

ERNEST E. OLP, Appellee, *vs.* CHARLES A. MEYER, Appellant.

*Opinion filed February 21, 1917.*

1. APPEALS AND ERRORS—*when court will consider assigned errors without exceptions to master's report.* The Supreme Court will not ordinarily consider assigned errors based on matters considered by the master unless proper objections were taken before the master and renewed in the trial court, but where the master's conclusion of law, based on facts stated correctly in his report, is incorrect, rendering his finding and the decree of the court approving the same erroneous, errors assigned on such finding will be considered on appeal without exceptions having been taken to the master's report.

2. HOMESTEAD—*a husband may retain his homestead interest, alone, after death of his wife.* A husband who has been a householder and head of a family and entitled to an estate of homestead may retain such homestead estate after the death of his wife although there are no children living at home. (*Rock* v. *Haas,* 110 Ill. 528, and *Holnback* v. *Wilson,* 159 id. 148, distinguished.)

3. SAME—*when husband, a joint tenant with his wife, is entitled to homestead in entire property although wife's interest is sold at sheriff's sale.* Where a husband is a joint tenant with his wife in homestead premises and the wife's interest in the property is sold on execution before her death without setting off the homestead estate of either party, the husband is entitled to his homestead interest in the entire property after her death, whether he holds the title to his one-half as a joint tenant or as a tenant in common with the purchaser at the sheriff's sale.

4. SAME—*when an offer by the purchaser at a sheriff's sale to pay value of homestead estate and keep his title comes too late.* Where homestead premises worth more than $1000 are sold on execution without setting off the homestead estate, an offer by the purchaser to pay $1000 and retain his title comes too late in the Supreme Court where he made no such offer in the trial court but claimed in his bill for partition that there was no homestead right in the premises.

5. SAME—*when a court of equity will not permit the purchaser of homestead premises to retain title to excess over $1000 value.* Where an execution sale of homestead premises worth more than $1000 is made without setting off the homestead estate and the sale is for an inadequate price, a court of equity has power, in a suit by the purchaser for partition, to set aside his deed and require him to accept the amount of the judgment, with costs and interest, to satisfy which the premises were sold.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

O. C. PETERSON, for appellant.

ADAMS, CREWS, BOBB & WESCOTT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed a bill June 10, 1915, in the circuit court of Cook county, for the partition of certain real estate in said county. After the pleadings were settled the cause was referred to a master in chancery to take evidence and report his conclusions of law and fact. The master reported favorably to granting the prayer of the bill of complaint, and a decree was entered ordering partition of the premises and appointing commissioners for that purpose. From that decree this appeal was taken.

The evidence shows that in 1896 appellant, Charles A. Meyer, became the owner of the property in question, a lot 30 by 125 feet, at 6430 South Green street, in Chicago; that in 1898 he moved onto the place with his wife and son and has ever since occupied the same as his homestead; that in 1909 he and his wife conveyed the premises to their

son, Albert, who nine days thereafter re-conveyed the same to appellant and his wife, "not in tenancy in common but in joint tenancy;" that on November 27, 1911, the son, Albert, and his mother, executed to appellee a judgment note for $500; that on June 18, 1912, a judgment was entered in the circuit court of Cook county on said note; that later the judgment was vacated, and on July 2, 1913, a new judgment was entered for $553.93 and costs; that thereafter an execution was issued, and a levy was made thereunder by the sheriff of Cook county on the interest of the wife, Mathilda Meyer, in the real estate described in the bill herein; that on October 28, 1913, the title and interest of said Mathilda Meyer so levied on was sold to appellee for $602.40 and a certificate of sale issued to him accordingly; that no redemption was made, and on January 29, 1915, a sheriff's deed was issued to appellee; that in said sheriff's sale of said Mathilda's interest in the premises neither the homestead right of appellant nor that of his wife was set off or attempted to be set off; that on July 6, 1908, appellant and his wife gave a trust deed on said premises to Nils A. Nelson, as trustee, to secure a loan of $3000, which loan remained unpaid at the time the decree was entered herein, the note being owned by the Scandia Life Insurance Company, and that the entire premises were subject to said trust deed at the time of entering the decree. The evidence further shows that Albert Meyer was a bachelor at the time he gave the deed of the premises to his father and mother, and that the premises at the time of the hearing were worth about $6500. The master reported, and the decree found, that the appellee, Ernest E. Olp, was the owner, as tenant in common with said appellant, Charles A. Meyer, of the undivided one-half of said premises, and that said Meyer had neither a homestead nor dower interest in any portion of said premises. It appears, also, that the wife, Mathilda Meyer, died intestate October 8, 1915; that her death was

suggested of record in the trial court and the bill dismissed as to her before entering the decree.

Counsel for appellant argues that the trial court erred in entering a decree holding that appellant was not entitled to a homestead in the property. Counsel for appellee insist that appellant cannot raise this question because he did not file the proper objections and exceptions to the master's report on this point. The general rule is, the court will not consider errors assigned on appeal based on matters considered by the master unless proper objections were taken before the master, and, if overruled, renewed in the trial court. (*Cheltenham Improvement Co.* v. *Whitehead,* 128 Ill. 279; *Pennell* v. *Lamar Ins. Co.* 73 id. 303; *Strayer* v. *Dickerson,* 213 id. 414.) But "where the master by his report states all the facts correctly but is mistaken as to the legal consequences of those facts, it is not necessary for the party dissatisfied with the master's finding to except to the report, as the question decided by the master may be opened, upon further directions, without exceptions." (*Hurd* v. *Goodrich,* 59 Ill. 450,—citing 2 Daniell's Ch. Pr. 1492; *Gillett* v. *Chicago Title and Trust Co.* 230 Ill. 373; *Von-Platen* v. *Winterbotham,* 203 id. 198; *VonTobel* v. *Ostrander,* 158 id. 499; 17 Ency. of Pl. & Pr. 1048.) We think that the question here raised comes clearly within this exception to the general rule. No one questions here the master's finding of facts. If on those facts appellant was entitled to a homestead in the premises, the master's conclusion that he was not entitled to a homestead is a mere legal conclusion, which, if incorrect, would render the finding of the master and the decree of the circuit court erroneous. Beyond question, at the time of the sale of Mathilda Meyer's interest under the execution, she and her husband, on the facts found by the master, (which were uncontroverted and unquestioned by anyone,) were entitled to a homestead in the premises. The master's findings as to the law on this question seem to be based on the fact

that after the sale of the property to appellee, but before the findings of the master, the wife, Mathilda Meyer, died, and therefore at that time the husband was not entitled to a homestead interest in the premises because he was not the head of the family. There is no proof in the record as to whether the son was unmarried and living with the father at the time of the death. Assuming for the purpose of the argument that, as contended by counsel for appellee, he was not then living with the father, was appellant entitled, when the decree was entered, to the homestead exemption?

Section 2 of the Homestead Exemption law of this State provides: "Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead," etc. This court has held that a widow without children is as much entitled to retain the homestead of her husband, under this section, as one with children; that she may occupy it herself, with servants, or alone, if she chooses. (*White* v. *Plummer,* 96 Ill. 394; *Brokaw* v. *Ogle,* 170 id. 115.) Counsel for appellee assert in their argument that these decisions are in conflict with the holding of this court on this question in *Rock* v. *Haas,* 110 Ill. 528, and *Holnback* v. *Wilson,* 159 id. 148. The court in both of these last cases construed section 1 of the Homestead Exemption law instead of section 2, and held that under said section 1, in order to create an estate of homestead, three things must concur: First, the person must be a householder; second, he or she must have a family; and third, the property must be occupied as a residence; and that under said section a family must consist of a collection of persons living together, and hence that a person permanently separated from his or her children would not constitute a family, or that a man having once been married or having no family at the time he purchased certain property could not claim thereafter an estate of homestead therein, as at the time he purchased it the homestead es-

tate was not created thereunder. The court in the first case said (p. 534) : "The estate never having been created and never attached to this land it is unnecessary to construe the second section. There never having been a homestead estate, the question cannot arise whether such an estate will continue in favor of the surviving husband or wife having no family, or whether a family living with the householder is indispensable to support such an estate." In *Holnback* v. *Wilson, supra,* it was also a question as to the creation of an estate, and while reference is made to the second section of the Homestead Exemption law, its construction was not directly involved in that case, and what was there said with reference to said section 2 was unnecessary for the decision of the case. The question here directly involved, however, has been passed on by this court in the cases of *Kimbrel* v. *Willis,* 97 Ill. 494, and *Slattery* v. *Keefe,* 201 id. 483. In *Kimbrel* v. *Willis, supra,* the court said (p. 496) : "Plaintiff once was a householder having a family and became entitled to an estate of homestead in the premises. He afterwards ceased to be such a householder and was not such at the time of the judgment and execution sale in this case. The inquiry then is whether plaintiff, having once acquired an estate of homestead by virtue of being a householder having a family, lost the estate upon ceasing to be a householder having a family; whether the being such a householder having a family, which is the essential condition of the creation of such an estate, is also the necessary condition of its continuance." The opinion then discusses the statute and its construction at length, and holds "that after the homestead estate has once been acquired, under the statute it continues in the original owner so long as he occupies the homestead premises although he may have ceased to be a householder having a family, and will only become extinguished in some one of the modes mentioned in the statute, of which ceasing to be a householder having a family is not one." To

the same effect is *Slattery* v. *Keefe, supra*. Reading these decisions in connection with the other four cases just cited, it is clear that under the proper construction of the two sections of the Homestead Exemption law, read together, appellant was not deprived of his homestead interest in the property in question by the death of his wife. Appellant is entitled to his homestead interest in the entire property whether he holds the title to his one-half of the property as a joint tenant or as a tenant in common with appellee. *Capek* v. *Kropik*, 129 Ill. 509; *Lininger* v. *Helpenstell*, 229 id. 369; *Smith* v. *Rittenhouse*, 260 id. 599; *Stocker* v. *Curtis*, 264 id. 582.

Counsel for appellant argues that the interests of the wife having been sold under the execution without a compliance with the statute as to the appraisal in setting off the homestead, the sale should be declared void, (*Klosowski* v. *Klosowski*, 266 Ill. 360,) while counsel for appellee contend that while that may be true in a proceeding at law, this proceeding being in equity and it being not only conceded but claimed by both parties that the interest in the property sold by the decree and execution was worth more than $1000, the execution sale of the premises without setting off the homestead estate passed to the purchaser all legal interest in the property in excess of $1000, which the purchaser may enforce in equity and obtain the title to one-half of the property if he will pay to appellant, who stands in the shoes of the judgment debtor, the $1000 as the value of the homestead, under the reasoning of the following among other authorities: *Loomis* v. *Gerson*, 62 Ill. 11; *Leupold* v. *Krause*, 95 id. 440; *Krupp* v. *Brand*, 200 id. 403; *Hamalle* v. *Lebensberger*, 267 id. 602. Appellee is not in a position to raise this question in this court. He claimed in his bill for partition that appellant had no homestead right in said premises, and the decree so found. He made no offer in the court below that he would pay the $1000 for the homestead if he could retain his interest in

one-half the property obtained by the sheriff's deed. This, however, being a proceeding in equity, the court has authority to protect all interests as may seem right and just. (*Misener* v. *Glasbrenner*, 221 Ill. 384, and cited cases.) The sale was irregular because of the failure to observe the provisions of the law as to protecting the homestead right of appellant. While the consideration paid by the purchaser was inadequate, being much less than the value of one-half of said premises, it was not so grossly inadequate as to justify setting aside the deed on that ground, alone, (*Brokaw* v. *Ogle*, 170 Ill. 115; *Bach* v. *May*, 163 id. 547; *Bondurant* v. *Bondurant*, 251 id. 324;) but the inadequate consideration, taken in connection with the irregularities in the failure to observe the provisions of the law so as to protect the homestead right, justifies the setting aside of the deed on condition that the appellant pay the face of said judgment, $553.93, and costs thereon, together with interest from July 1, 1913, the date the judgment was entered. (*Misener* v. *Glasbrenner, supra*.) Appellant in his brief in this court offers to do this. We deem this equitable in all respects to all the parties in interest. Appellee will thus receive the amount of his judgment with interest from the date it was entered, and appellant will thus be able to retain all his interest in the property, free and clear of any alleged right of appellee.

The conclusions that we have reached on the questions heretofore discussed render it unnecessary to consider and decide the other questions raised in the briefs, such as whether the appellant held the premises as joint tenant with his wife, and whether the interest obtained by the appellee through the sheriff's deed is that of a tenant in common or a joint tenant with appellee.

The decree of the circuit court will be reversed and the cause remanded, with directions for further proceedings not inconsistent with the views heretofore set forth.

*Reversed and remanded, with directions.*