David DeMartini, Appellee, v. Joseph DeMartini et al.,
Defendants.
Appeal of Rosa DeMartini, Appellant.

Gen. No. 40,858.

Heard in the second division of this court for the first district at the October term, 1939. Opinion filed February 23, 1940.

McFARLAND, MORGAN & STEARNS, of Chicago, for appellant.

EUGENE D. SULLIVAN and JOHN J. GORMAN, both of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

By his amended complaint, in which legal and equitable issues were joined, David DeMartini sought judgment against defendant Joseph DeMartini on a note executed by him, to set aside an alleged fraudulent conveyance of real estate made by Joseph De-

Martini and his wife, Rosa, and for specific performance against both defendants, by subjecting the real estate conveyed to the claim and lien of plaintiff on the judgment note executed by Joseph DeMartini. The master to whom the cause had been referred recommended judgment against Joseph DeMartini on the note, that the conveyance of real estate be set aside as having been fraudulently made by both defendants, but refused to recommend specific performance against the whole of the real estate, which was owned in joint tenancy by the DeMartinis, on the ground that the evidence failed to show that the oral promise of Rosa DeMartini to join in a mortgage or sale of the property to pay the note was such a promise as would take it out of the operation of the statute of frauds. Rosa DeMartini appeals from the decree which followed the master's findings and recommendations, and plaintiff prosecutes his cross appeal from that portion of the decree which found that Rosa DeMartini did not promise to pay the note executed by her husband and to join in a mortgage or sale of their property.

The facts disclose that Joseph DeMartini and his wife, Rosa, purchased the premises at 4850 North Kildare avenue, Chicago, in 1923, and took title thereto in joint tenancy. The transaction involved a cash payment of about $3,000 and the assumption of two mortgages aggregating $6,000. Shortly after the purchase, the parties moved into the premises and have since occupied it as their homestead. During the year 1931 Joseph DeMartini borrowed from plaintiff and his wife on three different occasions the total sum of $3,000, for which he gave his I O U. The money borrowed was used in his business. Plaintiff from time to time insisted on payment, and eventually on January 2, 1933, Joseph DeMartini executed and delivered to plaintiff a judgment note for $3,000 to evidence the several sums theretofore borrowed by him from plaintiff. March 31, 1932, which was prior to the execution of the note, Joseph DeMartini and his wife, Rosa, con-

veyed the real estate in question by warranty deed to Joseph B. Giunta, and simultaneously with this transfer Giunta conveyed the property to Rosa DeMartini. Both deeds were filed for recording April 1, 1932, at precisely the same time.

There is no dispute as to the liability of Joseph DeMartini on the promissory note. The dispute between the parties is lodged in the question whether the conveyances from the DeMartinis to Giunta, and from him to Rosa DeMartini, were made in fraud of creditors, and also whether Rosa DeMartini knew of the money borrowed by her husband from plaintiff and agreed orally to assume payment of the promissory note which evidenced his indebtedness to plaintiff and to subject their property to the lien of the note when reduced to judgment.

Voluminous testimony was adduced upon these two questions and the evidence is sharply conflicting. Preliminary to these issues, however, Rosa DeMartini raises several questions on appeal to which the parties devote considerable argument in their briefs. It is first urged that Giunta, who was named in the complaint as the grantor of the warranty deed to her, is an indispensable party; that the court erred in setting aside these conveyances without notice or service of summons upon him, and that these omissions, although not challenged before the trial court, may be raised for the first time on appeal. It seems clear that if the conveyances were made to defraud plaintiff, as the decree finds, they were fraudulent *ab initio,* and no rights accrued or liability attached thereunder. No relief is sought as against Giunta and the decree grants none. Giunta had no interest in the property and reconveyed it to his grantor Rosa DeMartini the very instant that she and her husband transferred it to him. Giunta did not furnish any consideration to his grantors nor did he receive any consideration from his grantee for the conveyance. Giunta had the bare naked title but mo-

mentarily, and evidently served as a mere conduit to destroy the joint tenancy and thus remove the property from attachment by creditors of Joseph DeMartini who sought payment of his debts. The effect of the decree as to Rosa DeMartini was merely to restore to her the undivided one-half interest which she had in the property before these conveyances were made. The several cases cited by defendant have no application to the circumstances of this case. They involved situations in which the rights of third parties were affected, and lay down the general rule that all persons having a substantial interest in the subject matter of the suit and who will be materially affected by the decree must be made parties. The rule as to nonjoinder of parties is correctly set forth in *Pease v. Chicago Crayon Co.,* 235 Ill. 391, wherein the court pointed out that when the objection of nonjoinder is not taken by demurrer, plea or answer, it will receive little favor from the courts, and "to be of avail it must appear that the decree will have the effect of depriving the party omitted of his legal rights." *State Nat. Bank v. United States Life Ins. Co.,* 238 Ill. 148, is to the same effect. Under par. 170, sec. 46(1) of the Civil Practice Act (ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.046]), Giunta could have been brought into the suit at any time before final judgment, but since the evidence showed that he never had any right or beneficial interest in the property conveyed and claimed none, it would have been useless to bring him into the proceeding.

It is next urged that since the property in question was the homestead of Joseph and Rosa DeMartini, it was incumbent upon plaintiff to show that Joseph's interest was worth in excess of $1,000 before the conveyance could be set aside and the real estate subjected to the lien of plaintiff's claim. The proof is undisputable that the property purchased for $9,000 in 1923 was free of incumbrance at the time of the

hearing and had been improved since its purchase. Aside from this consideration, however, the contention advanced raises an issue personal to defendant Joseph DeMartini, who does not appeal from the decree, and if entertained would merely serve to procure an advantage to him without requiring him to take an appeal and thus relieve him of the necessity of furnishing an appeal bond to secure the judgment against him. Moreover, the several sections of the statute relating to homestead exemptions (secs. 10, 11 and 15, ch. 52, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.133, 107.134, 107.138]) define the homestead right, the householder who is entitled to it and the manner in which it may be enforced and extinguished, and we think the question of exemption becomes important only after the decree is entered and an attempt is made to levy on and sell the homestead real estate on execution. If execution should issue under the decree entered herein and a sale of the real estate is made it will not be a sale of Rosa DeMartini's undivided one-half interest under the provisions of the decree and she, therefore, is not injured by the decree so far as the question of homestead is concerned. Furthermore, the decisions cited by plaintiff hold in effect that two separate homestead estates cannot coextensively exist in the same premises at the same time (*Johnson v. Muntz*, 364 Ill. 482) ; and that if the husband is living and residing with his wife he is the householder contemplated by the statute and the homestead is vested in him (*Taylor v. Taylor*, 223 Ill. 423; *Brokaw v. Ogle*, 170 Ill. 115) ; that after a homestead has been once acquired under the statute it continues in the original owner so long as he occupies the homestead premises, although he may have ceased to be a householder having a family (*Kimbrel v. Willis*, 97 Ill. 494) ; and that the husband is entitled to his homestead interest in the entire property whether he holds title to his one-half of the property as a joint tenant or as a

tenant in common (*Olp v. Meyer,* 277 Ill. 202). It would seem, therefore, that the question of homestead exemption is prematurely urged and that it is raised by an appealing party who has no homestead interest which the decree entered is likely to affect.

The third contention urged, aside from the main controversy between the parties, is that the allegations of the complaint, the proofs and the decree do not correspond. This contention can be readily disposed of by an examination of the record which discloses that this question was not presented to the trial court by motion or pleading of either defendant and is now submitted for the first time on appeal. However, it relates to a typographical error in the legal description of the real estate not discovered in the trial court. The error is due to a transposition of two numerals by the typist of the pleadings. The range was given the township numeral and vice versa, otherwise the full description is accurate. If this error had been discovered it would have been a simple matter for any of the parties to have called the court's attention to it and to have had it corrected by amendment on the face of the pleadings. In any event the error was not prejudicial to defendants because they both testified that this particular parcel of real estate is the only one they ever owned and that it is at 4850 N. Kildare avenue, Chicago, Illinois.

With reference to the main controversy it is urged by Rosa DeMartini that in order to impeach a conveyance for fraud both vendor and vendee must be shown to have intended to commit the fraud before the deed can be set aside, and it is argued by her counsel that Rosa DeMartini was not guilty of any fraudulent intent in the conveyances by which she became the owner of the legal title to the one-half interest in the real estate which theretofore stood in the name of her husband and herself as joint tenants. The evidence upon the controverted issues consumed some 300 pages of

the record and is hopelessly conflicting. Mrs. DeMartini took the position that she did not know her husband was indebted to plaintiff until after the conveyances were made; that the money was lent to her husband at his place of business and was used by him in connection with his business, and that she first learned of the indebtedness late in the summer of 1932, when plaintiff came to the DeMartini home to discuss payment of the debt. Her testimony in this regard contradicts that of her husband and is at variance with the proof adduced by plaintiff, which tends to show that Mrs. DeMartini was aware of the indebtedness. There is likewise a sharp conflict in the evidence with reference to the contention of plaintiff that Mrs. DeMartini gave an oral promise to sign the note with her husband and become liable thereon if plaintiff would surrender the three I O Us payable on demand and take in lieu thereof a deferred note due three years after date, or that she had agreed to sell or mortgage the real estate. A recital of the evidence upon these two conflicting questions of fact would extend this opinion beyond all reasonable length. We have read the abstract of record carefully, however, and have reached the conclusion that the master's findings as to the ultimate facts are fully justified by the record. The repeated demands of plaintiff for payment, of which Mrs. DeMartini undoubtedly had some knowledge before the conveyances were made, resulted in the transfer of the property in the manner hereinbefore described, and the transfer was undoubtedly made in fraud of plaintiff's claim against Joseph DeMartini. On the other hand, we do not believe that Mrs. DeMartini agreed orally to sign the note with her husband and thus subject the entire property to plaintiff's claim, and if she made such an oral promise or one to join in the mortgage or sale of the property to pay the debt, her agreement would not bring the transaction outside the operation of the statute of frauds

(ch. 59, sec. 1, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 55.01]).

During the pendency of the appeal several motions were made which were reserved to hearing. One was the motion of appellee to strike the appeal from the docket. That motion is herewith denied. Another is the motion of appellee for leave to file *instanter* the affidavit of one of his attorneys, and that the affidavit be taken with the case for such action as the court deem meet, and the countermotion of appellant to strike appellee's motion and affidavit. Since neither of these motions affect the merits of the case, nor the conclusions reached, the first motion will be denied, making it unnecessary to rule on the motion of appellant with reference thereto.

In the light of the conclusions reached herein, we are of opinion that the decree of the circuit court should in all respects be affirmed and that plaintiff's cross appeal should be dismissed. It is so ordered.

*Decree affirmed. Plaintiff's cross appeal dismissed.*
SULLIVAN, P. J., and SCANLAN, J., concur.