(No. 18255.—<span style="background:black">    </span>

THOMAS H. HAMALL *vs.* FRANK J. PETRU *et al.*—(EMMA E. HEPP *et al.* Appellants, *vs.* THOMAS H. HAMALL *et al.* Appellees.)

*Opinion filed October 25, 1928.*

CHARLES V. FALKENBERG, for appellants.

HENRY F. ANTES, for appellees.

Mr. COMMISSIONER CROW reported this opinion:

Thomas H. Hamall, an appellee here, filed his bill to cancel a deed of trust executed by him to Frank Petru, making Petru, Emma E. Hepp (Hamall's divorced wife) and Thomas Hamall, their son, parties defendant to the bill. They filed a cross-bill. A decree was rendered granting the relief prayed in the original bill and dismissing the cross-bill for want of equity, and cross-complainants have appealed.

The original bill against Frank J. Petru and appellants, Emma E. Hepp and Thomas Hamall, averred that previous to October 18, 1907, complainant was married to Emma E. Hamall; that a decree of divorce was afterward entered in her favor against him; that the decree provided complainant should pay her four dollars weekly for the support of Thomas Hamall, their child; that on February 20, 1911, complainant purchased for $300 the real estate described in the bill and erected a cottage thereon; that he borrowed $400 from his mother and $250 from other persons; that the cottage was completed in August, 1911, and complainant and his mother moved into it and he has since continuously resided therein; that on October 15, 1914, he persuaded Mrs. Hepp to release all claims for installments due her under the decree and paid her $25; that she agreed to execute a release of all sums due or to become due under the decree if he would deed the premises to Frank J. Petru in trust for their child, subject to the life estate of complainant; that he did so convey to Petru and Mrs. Hepp executed a release according to the agreement; that on November 13, 1924, Mrs. Hepp filed a petition in the divorce proceeding, averring that complainant willfully neglected and refused to comply with the order of court requiring him to pay to her the sum of four dollars each week; that the chancellor on that petition found there was due from him to her $2500 under the terms of the decree and entered judgment therefor and directed Petru to re-convey the premises to complainant. The bill alleged the consideration for the deed to Petru had failed, and prayed that the deed be set aside and declared null and void and that complainant be re-invested with the title.

The answer of Emma E. Hepp admitted the averments as to the decree for divorce and ownership of the premises previous to October 17, 1914, in complainant but denied the release as averred; admitted the $2500 judgment and averred failure of complainant to satisfy the judgment and

failure of Petru to re-convey. Petru admitted the execution of the deed from complainant to him and execution of the trust agreement but denied all other averments.

Emma E. Hepp filed a cross-bill and two amended cross-bills. Demurrers were sustained to the first two. The second averred that complainant was the owner of the equitable title to the property in question but caused title to be taken in the name of his wife, Margaret A. Hamall, to prevent cross-complainant and other creditors from reaching it by legal process for the satisfaction of the judgment in her favor for $2500 and fraudulently conveyed it to Petru for that purpose. The prayer was, "that when, and if, the legal title to said premises are re-invested in Hamall her judgment be impressed thereon as a lien, and that the court will so decree and thereafter order a sale of said premises to satisfy the lien and judgment," and for other relief. Complainant answered, admitting judgment for $2500 and its non-payment but denied any fraudulent intent or purpose in the conveyance to Petru; averred his good faith in so conveying, and averred that cross-complainant cannot satisfy her judgment by levy of execution against the premises because they are his homestead; that when the homestead attached to the premises they were of a value not to exceed $1000, and were not, and are not, subject to cross-complainant's judgment. He amended his bill when the answer was filed, making the same averments as to the value of the property and the homestead rights, and therefore that the property was not subject to liens, judgments or sale to satisfy the judgment. The prayer of the last amendment to the bill was that the deed to Petru be set aside, and that as the premises are his homestead they be decreed not subject to sale to satisfy it.

The court found the facts as averred, and decreed that the consideration for the conveyance from Hamall to Petru had failed; that Petru deliver up the deed to be canceled and re-convey the premises to Hamall; that the prem-

ises were and are the homestead of Hamall, and that they at no time previous to October 11, 1922, were of a value in excess of $1000, and that when the homestead attached they were of a value not to exceed $1000.

The only question discussed in the brief of appellants is the nature of the homestead interest. After the evidence had been heard by the chancellor upon the issues made by the bill and cross-bill, and the answers thereto, as to the value of the homestead lot, Mrs. Hepp asked time within which to produce evidence in rebuttal on that subject. The chancellor fixed a time within which she might produce the evidence. At the time fixed she appeared and by her solicitor said: "Your honor, this matter was continued until to-day to give me a chance to bring in some witnesses to contradict the evidence as to value of the witnesses that testified for complainant at the last hearing,—values prior to October 11, 1922. I have gone practically all over Riverside, and I must say that I cannot find anybody who will testify differently as to the values than the witnesses have testified for the complainant." That statement was a frank confession that the lot in question, and the small 24x24-foot one-room house on it occupied by Hamall and his wife as a homestead, were not worth more than $1000. The chancellor found that they were not worth more.

Counsel for appellants has argued that where there is an increase in value of the tract or lot subject to the homestead exemption above $1000, the excess may be reached by a judgment creditor. In support of the contention *Krupp* v. *Brand,* 200 Ill. 403, and other cases of like import, are cited. But the facts here do not call for a consideration of that question. There is no evidence in the record of an increase in value beyond $1000. It is apparent from the evidence heard that there was no such excess. The record does not require a decision of the question argued as to the alleged excess in value at the time of the hearing and accruing after the homestead estate attached.

Contention is made as to the effect of the decree setting aside the deed to Petru. Nothing is presented by that contention for our consideration. The abstract of the record of the trial court prepared by appellants states "that a decree should be entered here canceling the warranty deed to Petru and restoring the title in Thomas H. Hamall." Mrs. Hepp is in no position to challenge the ruling of the court on her contention that after 1922 the value of the property was more than $1000. The only ruling the court made as to admissibility of evidence on that question was on cross-examination of one of appellees' witnesses. The witnesses had testified in chief as to value before October 11, 1922. On cross-examination counsel sought to inquire as to the value after that time, and the court sustained an objection to the question. That ruling was not a decision that the evidence was not relevant but that the matter was not proper on cross-examination. At no time on the hearing before the chancellor did Mrs. Hepp offer to prove the value after that time. There is nothing in the record, therefore, requiring a decision of the question argued or of the alleged error in the admission of evidence on the question. Again, as counsel for Hamall well contends, Mrs. Hepp acquiesced in the alleged erroneous ruling. After the court at her request had granted time within which she might produce evidence of the value of the lot before October 11, 1922, counsel in open court made the statement heretofore quoted. The case rested, with no offer of proof of value afterward. There is no presumption of increase in value.

Nothing is presented in the brief requiring a reversal of the decree of the circuit court, and it is therefore affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*